## PARKER v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 4316.   Decided December 1, 1925.   (241 P. 362.)

1. MASTER AND SERVANT—REVIEW LIMITED TO DETERMINING WHETHER THERE IS COMPETENT EVIDENCE TO SUPPORT FINDING OF COMMISSION. Court, in reviewing award of Industrial Commission, is limited to determining whether there is any competent evidence in support of findings or decision of commission.

2. MASTER AND SERVANT—THAT WIDOW WHOLLY DEPENDENT DOES NOT PREVENT FINDING DECEASED LEFT DEPENDENT MINOR CHILD. That widow claiming compensation was wholly dependent

Certiorari

on deceased for support did not, under Comp. Laws 1917, § 3140, subds. 2–4, as amended by Laws 1919, c. 63, and section 3144, prevent Industrial Commission from finding and deciding that deceased also left surviving him a minor child, who was also dependent on him for support.

3. MASTER AND SERVANT—INDUSTRIAL COMMISSION HELD TO HAVE ACQUIRED COMPLETE JURISDICTION BY WIDOW'S APPLICATION FOR COMPENSATION, AND SUBSEQUENT APPLICATION MERELY INVOKED CONTINUING JURISDICTION. Industrial Commission, on application of widow of deceased employee for compensation, thereby acquired complete jurisdiction, and subsequent application on behalf of minor son did not constitute an original application, but merely invoked continuing jurisdiction of commission, under Comp. Laws 1917, § 3144.

4. MASTER AND SERVANT—INDUSTRIAL COMMISSION MAY EXERCISE CONTINUING JURISDICTION · FOR PURPOSE OF MODIFYING PRIOR ORDERS AS TO DISTRIBUTION OF COMPENSATION. The Industrial Commission may, for the purpose of administering funds out of which compensation is paid to dependents of deceased employees, exercise its continuing jurisdiction for full compensation period, and may make such modifications in its prior orders distributing compensation as facts may justify.

5. MASTER AND SERVANT—INDUSTRIAL COMMISSION HELD AUTHORIZED TO APPORTION COMPENSATION, WHERE, AFTER AWARD TO WIDOW, MINOR SON APPLIED FOR COMPENSATION. Where widow of deceased employee was awarded compensation, and thereafter minor son applied for compensation, *held* that, under Comp. Laws 1917, § 3144, Industrial Commission, on notice to all concerned and after full hearing, had power to apportion compensation at any time within compensation period; there being no attempt to increase compensation as against employer and insurance carrier.

6. MASTER AND SERVANT—INDUSTRIAL COMMISSION MERE ADMINISTRATIVE BODY. The Industrial Commission is a mere administrative body and not a court of justice, and may exercise such powers only as are either expressly or by necessary implication conferred on it by statute.

Corpus Juris-Cyc. References.

[1]  Workmen's Compensation Acts, C. J. p. 122 n. 40.

[2-5]  Workmen's Compensation Acts, C. J. p. 40 n. 95; p. 59 n. 59; p. 99 n. 66 New; p. 132 n. 82 New.

[6-8]  Workmen's Compensation Acts, p. 132 n. 82 New; p. 146 n. 67.

7. MASTER AND SERVANT—INDUSTRIAL COMMISSION CANNOT RE-
   QUIRE BENEFICIARY TO PAY COMPENSATION BACK.  Where com-
   pensation has been lawfully paid to one justly entitled thereto,
   the Industrial Commission is powerless to require recipient
   to pay it back.

8. MASTER AND SERVANT—INDUSTRIAL COMMISSION HELD WITHOUT
   POWER TO MAKE AWARD TO MINOR SON, AFTER PRIOR AWARD,
   RELATE BACK.  Where Industrial Commission, without knowl-
   edge that deceased had left a minor son, awarded widow com-
   pensation as wholly dependent, *held* that, under Comp. Laws
   1917, § 3144, commission could not make payments of com-
   pensation subsequently awarded to son relate back to time of
   deceased's death.

Application by Rose Parker for a writ of review to review
an order of the Industrial Commission, opposed by the In-
dustrial Commission of Utah and others.

Award ANNULLED in part, and approved and AFFIRMED in
part.

*Willard Hanson* and *A. H. Hougaard,* both of Salt Lake
City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., *J. Robert Robinson,* Asst.
Atty. Gen., and *Walton, Walton & Nelson,* of Salt Lake City,
for defendants.

FRICK, J.

The plaintiff made application to this court for a writ of
review to review an order or decision of the Industrial Com-
mission of Utah, hereinafter called commission, which order
was entered on the 28th day of July, 1925. The facts, briefly
stated, are these:

On October 16, 1923, one Albert Parker (who, the record
shows, was also known by other names, to which reference
will hereinafter be made) was employed in the mines of the
Utah Apex Mining Company, hereinafter designated em-
ployer, as a miner in the underground workings of said mine.

Certiorari

On that day while so employed he was accidentally killed. Notice of the accident and death was duly given by the employer to the commission as required by our compensation statute. On the 3d day of December, 1923, the plaintiff herein made application for compensation in due form to the commission as the surviving widow and only dependent of said deceased. A hearing was duly had on the application of the plaintiff, after which, to wit, on the 17th day of December, 1923, the commission made its findings and decision that the plaintiff was the surviving widow of the deceased; that she was wholly dependent upon him for support, and made an award in her favor in the sum of $16 per week for a period of "not to exceed 312 weeks, beginning October 17, 1923." The payments accruing up to that time were ordered to be paid "in a lump sum," and thereafter the payments were to be made "once every month." Payments were ordered to be made either by the employer or by the Ætna Life Insurance Company (hereinafter called insurance carrier), as the insurance carrier. The payments were accordingly made by the insurance carrier until the 1st day of October, 1924, when the commission ordered payments suspended until the further order of the commission. Payments were accordingly suspended. Just before the payments were suspended one Susan Parker, living at Butte, Mont., made application to the commission for compensation as the surviving widow of the deceased. It was conclusively shown, however, that this applicant was not entitled to any compensation, and the commission so found and decided. That application will therefore not be considered further. Shortly after Susan Parker's application had been made there were also some letters filed with the commission on behalf of one Donald Klais, who, it was claimed, was the son of the deceased by a former wife. It is contended on behalf of plaintiff that no formal application was ever made on behalf of said Donald Klais, that the letters did not constitute an application, and that in any event the application on his behalf, if one was made, was barred by the provisions of our statute. The commission overruled or disregarded all of the foregoing objections and

proceeded to hear the evidence in support of the so-called ap-
plication of Donald Klais, who will hereinafter be called Don.
On that hearing it was made to appear that the true name of
the deceased was Bertram Matthew Klais, commonly called
Bert Klais; that he was married on the 21st day of March,
1907, to one Beulah Hymer; that as the issue of said marriage
a son was born either in 1908 or early in the year 1909, which
son is the Don hereinbefore referred to on whose behalf said
application was filed; that the deceased and his first wife
separated in 1913, and that on October 11, 1916, she obtained
a divorce from him and was awarded the custody of the
child, Don, aforesaid; that Don was, by the divorced wife,
abandoned in a hotel at Oakland, Cal., where the deceased
found him, and he then took him into his custody and gave
the custody of Don to one Mrs. Bale, who is the mother of
the deceased and grandmother of Don; that the grandmother,
who now lives in Colorado, has since then had the care and
custody of Don, and, with contributions from the father, the
deceased, has provided for Don and has maintained him in
the public schools.

It may as well be stated at this point as anywhere that the
plaintiff somewhat urgently insists that the evidence is insuffi-
cient to justify a finding that Bert Klais contributed funds
for the support and maintenance of Don, but, on the con-
trary, contends that the evidence shows that the deceased did
not contribute to Don's support, but had practically aban-
doned him. It is needless to attempt to set forth the evi-
dence and inferences that may be deduced from certain facts
appearing in the evidence which relate to that subject. It
must suffice to say that if the commission believed the testi-
mony of the grandmother, who appeared before them and
testified, there is ample evidence, not only to justify a finding
that the deceased contributed funds for the support of Don
in the past, but that there was at least some proba-
bility that he would have contributed further sums in
the future if he was able to do so at least during the
period of Don's school days. We have so often held that all
we have the power to determine in such cases is whether there

is any competent evidence in support of the findings or decision of the commission that it has become elementary doctrine in this jurisdiction, and hence would be a work of supererogation to refer to the many cases wherein the rule is stated. We thus pass directly to the legal questions which are involved.

Were the letters filed on behalf of Don sufficient to authorize the commission to proceed to a hearing and determination of his so called application? The answer to the foregoing question depends somewhat on the meaning that is to be given to certain sections of our so-called Compensation Act. Comp. Laws Utah 1917, § 3140, subd. 2, as amended by chapter 63, Laws Utah 1919, so far as material to this case, provides that in case there are wholly dependent persons at the time of the death of the employee such dependents shall receive 60 per cent. of the average weekly wages earned by him, "not to exceed a maximum of $16 per week," and that such payments may continue for a period of six years, but in no event may exceed $5,000 for a single death. Subdivision 3 of that section provides that if the deceased leaves persons surviving him who were partly dependent upon him the same compensation may be awarded to them. Subdivision 4 of the section reads as follows:

"If there be wholly dependent persons and also partially dependent persons at the time of death, the commission may apportion the benefits as it may deem just and equitable; provided, that the total benefits awarded to all parties concerned shall not exceed the maximum provided for by law."

The same section also provides who shall be considered dependents. It provides (Subd. 5): "The following persons shall be presumed to be wholly dependent for support upon a deceased employee: (a) A wife upon a husband with whom she lives at the time of his death." That section also provides that female children under the age of 18 years and male children under the age of 16 years shall be deemed wholly dependent "upon the parent with whom he is (they are) living at the time of the death of such parent." It is further provided that—"In all other cases, the question of dependency, in whole or in part, shall be determined in

accordance with the facts in each particular case existing at the time of the injury, resulting in the death of such employee. * * * '' Subdivision 5 (b).

In view of the foregoing provisions, in the absence of other dependents, the wife was therefore entitled to receive the maximum allowance, to wit, "$16 per week," when she made application to the commission and when the award in her favor was made. She was entitled to that under the presumption stated in the statute as the surviving widow of the deceased. The evidence in the record is conclusive that neither when she married the deceased nor when she applied for compensation did she know that the deceased had a child or that he had theretofore been married. Upon the contrary the record shows that she in good faith believed that he left no child or other dependent, and that he had never been married. Her application was made in good faith and in total ignorance of the facts subsequently developed, namely, that the deceased was married, and that he was the father of a child which was the fruit of such marriage. The commission also acted in good faith in making the award and in the belief that the deceased left surviving him the plaintiff as his only dependent.

In addition to the foregoing provisions there is still another which requires consideration. Comp. Laws Utah 1917, § 3144, which is a part of the Compensation Act as originally adopted, reads:

"The powers and jurisdiction of the commission over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders * * * as in its opinion may be justified."

Considering all of the foregoing provisions, it is, we think, quite clear that the mere fact that plaintiff was wholly dependent upon the deceased for support did not prevent the commission from finding and deciding that he also left surviving him a minor child which was also dependent upon him for support. Indeed, subdivision 4 of section 3140, supra, expressly provides that in case a deceased employee leaves one who is wholly dependent and also leaves one who is partially dependent the compensation may be ap-

portioned between such dependents. Plaintiff's counsel do not seriously contend that such is not the case, but they strenuously insist that the letters filed with the commission did not constitute a sufficient application to invoke its jurisdiction, and, if it be held otherwise, that the application, nevertheless, was not presented within the time to prevent the claim from being barred under the former decisions of this court. We shall not devote any space to set forth even the substance of the letters to which reference has been made. It must suffice to say that if the letters in question had been filed as an original application for compensation the question as to whether they were sufficient to invoke the jurisdiction of the commission might not be without difficulty. Upon that question, however, we express no opinion. The letters in question can, however, not be considered as constituting an application for the purpose of invoking the jurisdiction of the commission in an original proceeding under the compensation statute. The commission obtained complete jurisdiction of the case upon plaintiff's application. By making application on behalf of Don, the minor son of the deceased, nothing was invoked except the continuing jurisdiction of the commission which it has a right to exercise by virtue of the provisions of section 3144, supra. It has been held that an application to modify or change prior orders of the commission pursuant to statutes similar to section 3144 did not constitute "a new proceeding, but is based upon a jurisdiction acquired through the original proceeding. * * * " *Bosquet* v. *Howe Scale Co.*, 96 Vt. 364, 120 A. 171. Our section 3144 is a verbatim copy of section 74 of the New York Compensation Law (Consol. Laws, c. 67), and it has been frequently held by the New York courts that the provisions of section 74 relating to a continuing jurisdiction of the commission should be liberally construed. See *Beckmann* v. *Oelerich*, 174 App. Div. 353, 160 N. Y. S. 791; *Kriegbaum* v. *Buffalo Wire Works*, 182 App. Div. 448, 169 N. Y. S. 307, and other cases there cited.

If it had been sought to increase the compensation as against the employer or insurance carrier a different question

might have arisen. Such, however, is not the case. All that was asked from the commission was to make a new apportionment of the former award so as to make the same conform to the statute in view of · the newly discovered dependent. All the commission was called on to do, and all that it in fact did do, was to modify or change its former findings and order to meet the newly developed facts. There can be no doubt that for the purpose of administering the fund     4 out of which compensation is paid to the dependents of deceased employees the commission may exercise its continuing jurisdiction for the full compensation period, and· that it may make such changes and modifications in its prior orders in apportioning or distributing the compensation allowed by the statute as the facts may justify and as may be lawful and just. In such apportionment neither the employer nor the insurance carrier is directly interested, and hence neither has a voice in the matter. It has, however, directly been held by the courts that where a deceased employee leaves surviving him a wife who is wholly dependent upon him for support, and who also leaves a minor child by a former wife, the compensation may be apportioned between the wife and such child. *Holmberg's Case*, 231 Mass. 144, 120 N. E. 353. If in the case at bar it had appeared from plaintiff's application that the deceased, in addition to the plaintiff as his widow, had also left surviving him Don, his minor child, no one, we think, would doubt that under the provisions of our statute the commission had full power to apportion the compensation between plaintiff and the son in accordance with the facts. If that be so, why may not the commission, in its continuing jurisdiction, modify its former orders respecting the payments so as to accomplish that result? We think that in a case like the one at bar where no attempt is made to increase the compensation as against     5 the employer and the insurance carrier the commission, upon notice to all concerned, and after a full hearing, has power to apportion the compensation at any time within the compensation period or until ·it has been fully paid.

It is, however, also contended by the plaintiff that the commission exceeded its power in requiring the payments in

favor of Don to relate back to the time of the death of the deceased, and that by so doing has, indirectly at least, required the plaintiff to surrender or make restitution of a part of the compensation which had been paid to her. This question is not wholly free from doubt or difficulty. As has been frequently pointed out by this court, the commission is a mere administrative body and not a court of justice. It may exercise such powers only as are either expressly or by necessary implication conferred upon it by statute; that is, it has no inherent power such as must frequently be exercised by courts of general jurisdiction. The question therefore arises whether where, as here, the full amount of compensation authorized by the statute has been awarded to one who, like the plaintiff, was legally entitled thereto, and where there was no misrepresentation, fraud, or concealment on her part, and where all that was done was done in the utmost good faith, the commission has the power to compel the plaintiff to yield up, either directly or indirectly, any part of the compensation received by her. Plaintiff contends that, in view that the commission made the apportionment of the compensation effective from the death of the deceased, in legal effect she is required to yield up a part of the compensation received by her. Upon the other hand, it is contended on behalf of Don that such is not the effect of the commission's decision, but the only effect is that the payments to plaintiff cease until such time as Don may have received his full share of the compensation, at which time her payments will be resumed. It certainly does not admit of doubt or dispute that if the present award of the commission stands the plaintiff will have less money for the period of time during which the original award was effective than she had when the payments were suspended. That being so, the award necessarily has a retroactive effect so far as she is concerned. Indirectly, therefore, she must yield a part of what she had lawfully and rightfully been paid. There is—there can be—no escape from this conclusion. Neither is there any doubt, we think, that where compensation has been lawfully paid to one justly entitled thereto the

commission is powerless to require the recipient to pay it back. If such may not be accomplished directly, we cannot conceive how it may be done indirectly. We are of the opinion, therefore, that, in view of the facts and circumstances of this case, the commission, in making the award in favor of Don and the consequent apportionment thereof effective from the time of the death of the deceased, exceeded its power. No doubt when it was made to appear to the commission by the letters filed on behalf of Don that he claimed to be a minor child of and a dependent upon the deceased at the time of his death it had the power to suspend further payments until Don's claim could be investigated and the real facts ascertained. This the commission did. It suspended payments commencing with October 1, 1924. At that time, however, plaintiff had been paid the full amount of compensation allowed by the statute from the 17th day of October, 1923, or approximately 11½ months. The amount had been legally awarded and lawfully paid. The order of October 1, 1924, respecting payment was therefore in the nature of a conditional modification of the former order of the commission whereby the full amount was ordered paid to the plaintiff. In view that a liberal construction of the provisions of section 3144 is required as hereinbefore stated, it is not unreasonable to conclude that the apportionment between plaintiff and Don should be made effective as of the 1st day of October, 1924, when the order of suspension was made. Up to that time the original order was in full force and effect, and the full amount of the compensation allowed by statute had been paid to and received by plaintiff. We are of the opinion, therefore, that the commission was without power to make an apportionment as against the plaintiff without her consent effective prior to October 1, 1924, when the order of suspension was made. As before stated, the jurisdiction of the commission to apportion the compensation must be held to continue during the full compensation period. If it were held, however, that the commission had the power to make the changes and modifications of its orders effective as of the date of the death of the deceased

employee, that is, retroactively, then it would necessarily follow that it had the power to exercise judicial powers not contemplated by the statute. Any one taking a comprehensive view of the subject may easily perceive various reasons why that cannot be done and ought not be permitted. It may be that where an applicant by deceit, fraud, or misrepresentation, or by other unlawful means, obtained an award in his favor to which he is not lawfully entitled the commission might find the facts, and that the injured dependent may have recourse to the courts to recover from the impostor the amount he has illegally received and is withholding from the true dependent. An order from the commission to that effect would, however, be a mere waste of time and effort.

It follows, therefore, that the commission exceeded its power in attempting to make the payments in favor of Don effective as of the death of the deceased and prior to October 1, 1924, when the order of suspension was made. The award to that extent must therefore be and it accordingly is annulled. As to all other features of the award, it is approved and affirmed; neither party to recover costs.

GIDEON, C. J., and THURMAN, CHERRY, and STRAUP, JJ., concur.