PONDER, Justice.
We granted writs to review a judgment of the Court of Appeal dismissing a suit under the Workmen’s ‘Compensation Laws for total and permanent disability on the ground that the relationship between the plaintiff’s employer and the defendant was that of vendor and vendee and hence plaintiff was not within the scope of LSA-R.S. 23:1061, formerly Section 6 of the Workmen’s Compensation Act.
Plaintiff brought suit alleging that he was employed by one E. H. Malone, who was a contractor working for the defendant, the principal, and that the contract with Malone was necessary and incidental to the business of the defendant so as to place plaintiff under the provisions of LSA-R.S. 23 :1061. The defendant answered denying liability and alleging the relationship of vendor and vendee between himself and Malone.
After trial on the merits, the lower court gave judgment for plaintiff and against the defendant and its insurer, who had been called in warranty. On appeal, the court of appeal reversed this judgment on the ground that the defendant was solely a purchaser and, therefore, not responsible for the compensation due the plaintiff relying upon the decision of the court of appeal in the case of Kline v. Dawson, 84 So.2d 76. Upon application we granted writs and the question presented for determination is the relationship between the plaintiff and the defendant.
The evidence shows that the plaintiff, an illiterate Negro of 31 years of age and a resident.of Houston, Texas, was brought from Houston to Basile, Louisiana, by L. B. *789 “Jack” Hennessy. Hennessy was an agent of O. C. Hennessy, Inc., a Texas Corporation. The plaintiff was employed to take over the logging operations on the tract in Basile on which O. C. Hennessy, Inc. (a purchaser of cross-ties) owned the logging rights.. Hennessy (who was the son of O. C. Hennessy and a stockholder in that corporation) moved the plaintiff and his family to Basile, rented the necessary .power saws and trucks at so much per tie to plaintiff and in addition made arrangements for plaintiff’s groceries, oil, gas, and even rented a house for him. Mr. Hennessy supervised plaintiff’s operation on this tract and computed the pay plaintiff was to pay his employees since plaintiff was illiterate. There is no dispute about the fact that on this operation the plaintiff was the employee of the defendant.
After the timber at Basile had been cut, plaintiff was approached by Hennessy who asked him if he would like to move to Evangeline Parish where E. H. Malone had the right to cut timber on the Fontenot tract. Hennessy moved the plaintiff and his family to St. Landry and again paid some rent, grocery bills, gasoline and other expenses and plaintiff was told by Hennessy to cut the timber and take it to the Malone Mill. It is on this operation that the accident disabling the plaintiff occurred and which the defendant contends changed his relationship with the plaintiff.
By credit sale Hennessy sold to Malone one Corley Tie Mill to be used for the purpose of manufacturing railroad cross-ties. This so-called sale contained the following provisions:
“Vendee and Mortgagor agree to use the above machinery exclusively for the cutting and manufacture of railroad ties, until the note herein stated is paid in full. * * * As a further consideration of this sale and chattel mortgage Vendee and Mortgagor agrees to first offer for sale to vendor and Mortgagee, before selling to any one else, all ties manufactured by him.”
The price of the Corley saw mill was $1,-908.76 and was represented by a note dated August 15, 1951 payable at so much per tie. The plaintiff never saw Malone before he arrived at the St. Landry location and never talked price with him, the price agreed to be paid plaintiff was fixed by Hennessy before plaintiff’s arrival at St. Landry. Hennessy paid two months rent in advance when he moved the plaintiff to this operation and guaranteed him a line of credit so that plaintiff could purchase groceries. The record shows that on this operation the plaintiff was paid by Hennessy except for the payment due him after the accident, which payment was made for the first time by Malone.
It is significant to note that Malone, by the so-called credit sale, on August 15, 1951 purchased the Corley saw mill. The accident to plaintiff occurred on October 13, *791 1951 and the mill was then sold to a man named Carpenter on October 26, 1951 when there remained a balance due of $1,657.82. The original note signed by Malone and dated August 15, 1951 was never surrendered by defendant to Malone which corroborated Malone’s testimony in the record that O. C. Hennessy, Inc. did not settle with him before transferring the mill to Carpenter, thus disregarding any alleged ownership of said mill by Malone. In this regard Hennessy testified that the unpaid balance which Malone owed to O. C. Hennessy, Inc. on the mill was “dropped”. It is also significant that shortly before the date of the accident Hennessy advanced $360 to Malone for some ties to be made out of lumber on the ground at the mill but after the accident this sum was paid back to Malone and the ties shipped to someone else.
The conclusion reached by the court of appeal that the defendant was a purchaser is erroneous. Furthermore, the case of Kline v. Dawson, 84 So.2d 76, relied on by the court of appeal, was reversed by this court in 230 La. 901, 89 So.2d 385. In that case this court held that there was no vendor-vendee relationship since Kline made arrangements with the foreman of the Dawson Lumber Company and not with the middle-man, Negocia, and was paid for his services by the lumber company and not by Negocia. So here plaintiff was hired by Jáck Hennessy, acting as agent for O. C. Hennessy, Inc., and paid by him. The plaintiff in the instant case did not meet Malone until he was moved to St. Landry by Hennessy, who told him to work on the Fontenot tract and deliver the lumber to the Malone mill. Furthermore, the plaintiff was using the defendant’s truck and power saw which the defendant rented to him.
As to the sale of the Corley mill to Malone, the trial court aptly stated:
“It is apparent that these ‘sales’ were regarded by O. C. Hennessy, Inc. as mere devices to enforce exclusive control of manufacture by the ‘Mortgagor’, to be entirely disregarded when O. C. Hennessy, Inc. desired to utilize the machinery with the services of a different agent. It is further manifest that by virtue of its option agreement the O. C. Hennessy, Inc., actually had the exclusive rights to the products of its machinery, and that should any of its agents feel the price too low and attempt to dispose of the products elsewhere, then that agency would be swiftly terminated.”
We think the decisions on the cases of Kline v. C. W. Dawson Lumber Co., 230 La. 901, 89 So.2d 385, and Belaire v. Elders, La.App., 49 So.2d 508, are controlling herein, and the contract with E. IT. Malone was necessary and incidental to the business of the defendant corporation so as to place *793 plaintiff under the provisions of Section 6, Paragraph 1, of the Workmen’s Compensation Act. Owers v. Louisiana Long Leaf Lumber Company, La.App., 14 So.2d 275; Seabury v. Arkansas Natural Gas Corp., 171 La. 199, 130 So. 1; Thibodeaux v. Sun Oil Company, La.App., 40 So.2d 761.
It has been called to our attention by the defendant’s insurer, who was called in warranty and cast in judgment by the lower court, that under the express terms of the insurance contract liability is limited to cases arising under Texas law. We have examined the contract and find this to be true, hence the insurer should be discharged.
For the reasons assigned, the judgment of the court of appeal is reversed and set aside and there is now judgment in favor of plaintiff Aurelia Jones, and against defendant O. C. Hennessy, Inc., condemning it to pay to plaintiff $30 per week beginning on October 13, 1951, for a period not to exceed 400 weeks in all, together with legal interest on each past-due installment; plus $500 medical benefits. The defendant’s demand calling the United States Fidelity & Guaranty Company in warranty is rejected. All costs to be paid by the defendant.