125 So.2d 254 (1960)
Joseph CERIE, Plaintiff-Appellant,
v.
G. L. MALONE et al., Defendant-Appellee.
No. 153.
Court of Appeal of Louisiana, Third Circuit.
December 19, 1960.
Alfred Ray Ryder, Oberlin, for plaintiff-appellant.
Donald M. Garrett, Alexandria, defendant-appellee.
Before, FRUGE, SAVOY and HOOD, JJ.
*255 FRUGE, Judge.
This is a suit for workmen's compensation. The trial judge dismissed plaintiff's suit holding that plaintiff had not shown the principal-contractor relationship as set forth in LSA-R.S. 23:1061. Plaintiff has appealed alleging error on the part of the trial judge.
Plaintiff maintains that payment of compensation, payment of medical bills, and making an appointment for plaintiff to see a doctor are an admission of liability by defendant, or that they prove that defendant considered himself the employer of plaintiff. LSA-R.S. 23:1204 provides that: "Neither the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation under this Chapter." This provision is self-explanatory and needs no citation of authority for interpretation.
Plaintiff alleges that he was employed by one Joshua Harmon and that Harmon hauled pulpwood for defendant, Malone, thereby creating the relationship as set forth in LSA-R.S. 23:1061. Defendant maintains that plaintiff was not his employee.
The pertinent parts of LSA-R.S. 23:1061 are as follows:
"Where any person (* * * referred to as principal) undertakes to execute any work, which is a part of his trade * * * or which he had contracted to perform, and contracts with any person (* * * referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work * * *, any compensation * * * which he would have been liable to pay if the employee had been immediately employed by him; * * *"
In order to determine whether or not defendant is liable we must determine whether or not the relationship between Harmon and defendant was that of principal and contractor or that of vendor and vendee.
The facts are substantially these. Defendant is a pulpwood broker; sometimes he employs his own crews to cut pulpwood on tracts where he either owns the tract or has purchased the timber; he also purchases pulpwood from individuals at a set price per cord to be delivered at designated places. Regarding the relation between himself and Harmon defendant testified that it was one of vendor-vendee. There is testimony to the effect that defendant had nothing to do with the purchase of the timber from the landowner; that although most of the pulpwood delivered to him by Harmon came from one tract Malone had no right to require that all of the pulpwood from that tract be sold to him. Harmon also sold pulpwood to other buyers from the same tract and other tracts. Furthermore, defendant has never employed Cerie, nor paid him for his work, nor pointed out work to be performed by him. Although there is evidence that defendant loaned money to Harmon to buy a motor, and the loan was to be paid from pulpwood sales to defendant, Harmon was also indebted to others and repaying them in the same manner as with defendant. Evidence was introduced to show that from each cord of pulpwood purchased by Malone 60 cents was withheld to pay compensation insurance. However, other evidence shows that it was withheld only in the case of defendant's crews, but not from those purchases from Harmon. Harmon did not testify with any certainty that it was withheld. (At first he testified nothing was withheld, but later he testified that he "understood" that compensation was provided for.) Defendant denied that there was such an understanding as to this coverage.
Plaintiff maintains that the above indicates that there was a principal-agent relationship. In support of this position he *256 cites several cases as authority. Belaire v. Elder, La.App., 49 So.2d 508, is cited. However, there is nothing in that case which is analogous to the one at bar. At best as applied to this case it represents a reiteration of the so-called "control" doctrine coupled with an alleged sale. In the case at bar defendant had no control over Harmon. Harmon could sell from any tract to whomsoever he cared to. The so-called loan in the Belaire case is readily distinguishable from that in this case. Furthermore, Harmon had no contract requiring that he sell to defendant. Also cited as applicable to the case at bar is Owers v. Louisiana Long Leaf Lumber Co., La.App., 14 So.2d 275, 277. In that case plaintiff's immediate employer was employed by defendant to cut, haul, and deliver fence posts from defendant's land at a fixed price, which posts were used to fence defendant's plant for protection. Under such circumstances it was held that the contract was incidental and necessary to operation of defendant's sawmill and recovery was allowed. Such is not the situation in the case before us. Here Harmon obtained pulpwood from whatever source that he deemed proper and sold it to defendant, or to other pulpwood brokers. We find this statement from the Owers case more appropriate and applicable to the case at bar: "The cases which hold that the relation of vendor and purchaser existed between those who cut, hauled and delivered logs, pulpwood and other products to a mill * * * show that the seller was at liberty to procure the timber * * * wherever he saw fit, in the open market, and was not merely cutting and delivering * * * products of the mill owner at a specified price * * *" In the case at bar Harmon obtained pulpwood on the day in question from a tract that was not owned by defendant and he was not obliged to sell to defendant even though he sold to defendant. Jones v. Hennessy, Inc., 232 La. 786, 95 So.2d 312, concerns itself with the "control" doctrine. Control by defendant of Harmon has not been shown. In the case of Stevens v. Mitchell, et al., 234 La. 977, 102 So.2d 237 it was held that where among other things, the party cutting the timber was required to deliver it to a designated person that the vendor-vendee relationship did not exist. As stated hereinabove, Harmon was not required to deliver pulpwood to defendant.
The fact that the defendant paid the stumpage price to the landowner does not create a principal-contractor relationship. See Taylor v. Employers Mutual Liability Ins. Co., 220 La. 955, 58 So.2d 206.
It would serve no useful purpose to go into more cases and authorities. Suffice it to say that we are impressed with the validity of defendant's contention that the relationship between himself and Harmon was that of vendor-vendee. There was no control by defendant of Harmon nor a devious manner of employment so as to cast doubt on the relationship. Harmon used his own equipment; hired his own workers; obtained pulpwood wherever he chose; and was not required to sell to defendant. The mere fact that defendant loaned Harmon money to buy a motor which was to be repaid in pulpwood does not negate the vendor-vendee relationship. Under these circumstances there is no principal-contractor relationship.
In view of the fact that the required relationship has not been proven it is not necessary that we consider the injury, period of disability, and related matters.
For the foregoing reasons the judgment appealed from dismissing plaintiff's suit, should be affirmed and accordingly it is affirmed. Costs of this appeal to be paid by plaintiff-appellant.
Affirmed.