HARDY, Judge.
This is an action for workmen’s compensation and plaintiff appeals from judgment rejecting his demands.
Plaintiff’s claims are based upon the contentions that he was either an employee of defendant’s assured, C. E. Wilds, or the employee of one Woodrow Haspard, who allegedly occupied the relationship of independent contractor with Wilds as^ principal. As opposed to these contentions it is urged upon behalf of defendant that the relationship between Wilds and Haspard, whó wás plaintiff’s immediate employer, was that of buyer and seller of pulpwood. It is obvious that the determination of the actual relationship must depend upon the facts established in the instant case. These facts, as delineated in the written opinion of the district judge, and which we find to be convincingly established by the record, are as follows:
Defendant’s insured, C. E. Wilds, is a broker of pulpwood engaged in purchasing this commodity from numerous loggers and selling the same to International Paper Company. One of the pulpwood producers from whom Wilds purchased was a Negro by the name of Willie Young, who in turn employed plaintiff and Woodrow Haspard to cut and load the pulpwood, which Young sold and delivered to the order of Mr. Wilds. According to the testimony of plaintiff, at the time of the occurrence of the accident he was employed by Woodrow Haspard in loading a truck with pulpwood: The testimony of Young was to the effect that he was a producer of pulpwood which he sold not only to Wilds but to other buyers, making his own arrangements with the owners of timber for the purchase and cutting thereof; hiring his own employees; transporting and delivering same to rail-heads for shipment to the mill designated by the purchaser.
In addition to the above facts it was also established that Wilds carried compensation insurance, but, according to his uncon-troverted testimony, this was done for his own protection, he paid the premiums thereon and no portion of such premiums was charged against the producers of pulpwood from whom he' purchased. It- was also established that Wilds gave financial assistance in connection with the purchase of trucks, etc., by the parties from whom he purchased pulpwood, and that, when requested, he withheld stumpage charges and made payment of same direct to the original owners of the timber.
None of the above facts are even persuasive as to the establishment of a relation *496 ship of employer-employee, or principal and independent contractor, upon one of which the validity of plaintiff’s claims justifying recovery must rest.
Learned counsel for plaintiff urges the application of the “control doctrine,” the fact that Wilds carried compensation insurance, his assistance in financing producers of pulpwood in the purchase of equipment as factors in support of plaintiff’s claimed relationship with Wilds, relying, inter alia, upon pronouncements in Collins v. Smith, La.App., 13 So.2d 72; Deason v. Coal Operators’ Casualty Co., La.App., 43 So.2d 630; Kline v. Dawson, 230 La. 901, 89 So.2d 385; Belaire v. Elder, La.App., 49 So.2d 508; Jones v. Hennessy, 232 La. 786, 95 So.2d 312.
Examination of the above cited cases fails to reveal facts of such similarity to those in the instant case as would justify the application of the principles for which plaintiff contends.
On the contrary, we think the clearly established facts of the instant case bring it squarely within the principles enunciated in Smith v. Crossett Lumber Company, La. App., 72 So.2d 895; Taylor v. Employers Mut. Liability Insurance Company, La. App., 49 So.2d 635 (writs granted and judgment affirmed by the Supreme Court, 220 La. 995, 58 So.2d 206). The most recent pronouncement upon the issue here presented is found in Cerie v. Malone, La.App., 125 So.2d 254, recently decided by our brethren of the Third Circuit, in which several of the cases above noted were discussed.
There being no question in our minds as to the factual establishment of the relationship of buyer and seller in the instant case, there remains no possible doubt as to the correctness of the judgment appealed from, and, accordingly, the same is affirmed, the costs of this appeal being taxed against plaintiff-appellant.