451 P.2d 788

Margaret Ann CRAIN on behalf of Roger Luke Crain and Jackie Sue Crain, Dependent Minor Children of Elmer Leroy Crain, Deceased, Plaintiff,

v.

W. S. HATCH COMPANY, the State Insurance Fund and the Industrial Commission of Utah, Defendants.

No. 11002.

Supreme Court of Utah.

March 14, 1969.

Dwight L. King, Salt Lake City, for plaintiff.

Phil L. Hansen, Atty. Gen., LeRoy S. Axland, Asst. Atty. Gen., Salt Lake City, for defendants.

CALLISTER, Justice.

Plaintiff, Margaret Ann Crain, seeks a review of an award of death benefits made by The Industrial Commission under the Workmen's Compensation Act.

Mrs. Crain, divorced wife of the deceased, Elmer Leroy Crain, made application for the death benefits for and on behalf of their two minor children. Pursuant thereto, the Commission made its findings of fact, conclusions of law, and award. It found that Crain had died as the result of injuries received in an accident arising out of the course of his employment; that he left surviving him two dependent minor children; and, that the children were in the care, custody and control of Mrs. Crain. It concluded that the two children were en-

titled to benefits as provided by law. The Commission's award provided:

IT IS THEREFORE ORDERED that Defendants pay to the Trust Department, Continental Bank and Trust Company, compensation benefits in trust for the sole use and benefit of Jackie Sue Crain and Roger Luke Crain as follows:

312 weeks at $42.00 plus $7.20 or $49.20 per week beginning October 8, 1966 to end, for a total of $15,350.40.

IT IS FURTHER ORDERED that the Trustee may invest and re-invest the trust funds and make such charges against said trust account as are customarily made for the administration of similar trusts, but that no other expenditure of trust assets or withdrawals may be made without prior written approval of the Commission.

Mrs. Crain then petitioned the Commission asking that the benefits awarded to the two minor children be paid to her directly rather than placing them in trust. The Commission requested the Welfare Department to make an investigation and report on the need of the funds to be paid directly to plaintiff. The Welfare Department made the investigation and submitted a report, whereupon the Commission entered an order denying the petition. The pertinent provisions of the order are as follows:

WHEREAS, the Commission referred the matter to the Department of Public Welfare for a report on the need of said funds to be paid directly to the Petitioner, and

WHEREAS, the Department of Public Welfare submitted a Report to the Commission June 20, 1967, and

WHEREAS, the Welfare Department Report appears to recommend approval of the petition herein on the basis that

* * * If each child had an equal income going for his or her support, that it might prevent family argument at a later date, and

WHEREAS, the Petitioner had a child, Tina Ann, by a prior marriage, and upon Petitioner obtaining a divorce in said marriage, a Trust Fund of $100,000 was set up for Tina Ann by her father, R. M. Barrett, and

WHEREAS, the Commission is of the opinion the award herein, the approximate amount of $7,675.20 to each child, cannot in any way match or equal the benefits that may be given to Tina Ann throughout her life or provide the equality suggested by the Public Welfare Report, and

WHEREAS, it appears that Petitioner was divorced from the deceased prior to his death, and said decree awarded $50.00 per month, per child, as support for the two minor children above-named, and

WHEREAS, it appears from the petition that the Petitioner receives for the

support of the children above-named $101.00 per month, each, from the Social Security Agencies of the United States of America, said sum resulting from the death of Elmer Leroy Crain, and

WHEREAS, it does not appear that the financial requirements and needs of the minor children have changed materially since the decree of divorce, and

WHEREAS, it appears the minor children are being adequately supported and supplied their basic needs of life,

IT IS THEREFORE ORDERED that the petition of Margaret Ann Crain, for the payment directly to her of the funds awarded to the minor children herein, for their use and benefit, shall be and is hereby denied.

■ We are of the firm opinion that the Commission, by placing the benefit funds in "trust" for the Crain children, acted without statutory authority and that its order in respect thereto was arbitrary.

The Commission places reliance for its authority to enter such an order upon the following provisions of Sec. 35–1–73, U.C. A.1953:

The benefits in case of death shall be paid to such one or more of the dependents of the decedent for the benefit of all the dependents, as may be determined by the commission, which may *apportion* the benefits among the dependents in such manner as it deems just and equitable. * * * *The dependents, or persons to whom the benefits are paid, shall apply the same to the use of the several beneficiaries thereof in compliance wtih the finding and direction of the commission* * * *; and in cases where all of the dependents are minors, the application shall be made by the guardian or next friend of such minor dependents. * * * [Emphasis added.]

■ The foregoing statute does not confer upon the Commission the authority to withhold payment of benefits which is the practical effect of its order. It grants the Commission only the right to determine the dependents and, if there are more than one, to *apportion* the benefits among them. This is evident by the language that the person to whom the benefits are paid "shall apply the same to the use of the *several* beneficiaries thereof in compliance with the finding and direction of the commission." It certainly does not authorize the creation of a "trust" as attempted in the instant case.[1]

1. Some state workmen's compensation. acts, in addition to statutes similar to 35–1–73, have so-called "safeguard" provisions. E.g., Sec. 81–11–16, Colo.Rev. St.1963: "In all cases of death where the dependents are one or more minor children, it shall be sufficient for the widow or friend to make application and claim on behalf of said minor children. The commission, for the purpose of protecting the rights and interests of any dependent who it may deem incapable of

In Parker v. Industrial Commission of Utah this court stated: [2]

As has been frequently pointed out by this court, the commission is a mere administrative body and not a court of justice. It may exercise such powers only as are either expressly or by implication conferred upon it by statute; that is, it has no inherent power such as must frequently be exercised by courts of general jurisdiction.

Cases cited by the Commission to support its claimed authority, namely, Tintic Mining Co. v. Industrial Commission of Utah [3] and Utah Fuel Co. v. Industrial Commission of Utah,[4] are not in point. In both cases the persons entitled to the benefits consented to the funds being placed in trust. It was the employer or insurance company that objected. In Utah Fuel the court observed:

In our judgment the employer or insurance carrier is not concerned with respect to whom the payments are directly to be made. We can see some reason why a beneficiary might object. * * *

We remark that we do not wish to be understood by anything that we have said as holding or indicating that the Commission's action in directing payment to be made to a particular person or persons may not be reviewed in a proper proceeding on complaint or motion of a beneficiary, or on the complaint or motion of any one acting on behalf of the beneficiary where the latter is a minor * *.

Under our statutory scheme, the powers conferred on the Commission are confined to a determination of dependency and to direct the apportionment and application of the benefits among those so ascertained to be dependent. There is nothing in the language of Sec. 35–1–73 which detracts from the mandatory character of its first sentence: "The benefits in case of death *shall* be paid * * *." There is no indication that the legislature has vested in the Commission the authority of a domestic relations court to determine changed circumstances since a decree of divorce, other sources of income or support, and the standard of living of the family unit and upon this basis to withhold present payment and create a trust for the future use of the dependents.

The Commission erred in not granting Margaret Ann Crain's petition to have the

fully protecting his own interests, may provided for the manner and method of safeguarding the payments due such dependent or dependents in such manner as it may see fit."

2. 66 Utah 256, 241 P. 362, 365 (1925). Payment of the award must be made in accordance with statutory authority. Special Indemnity Fund v. Bryant, 205 Okl. 630, 239 P.2d 1014 (1952).
3. 60 Utah 261, 207 P. 1114 (1922).
4. 65 Utah 100, 234 P. 697 (1925).

**284**

benefits paid directly to her. Reversed. No costs awarded.

CROCKETT, C. J., and TUCKETT and ELLETT, JJ., concur.

HENRIOD, J., does not participate.