**STATE COMPENSATION INSURANCE FUND OF COLORADO, Plaintiff,**

v.

**The INDUSTRIAL COMMISSION OF UTAH, Rolanda Feeds, Inc., and Kathryn M. Farr Thompson, Defendants.**

No. 17859.

Supreme Court of Utah.

Jan. 6, 1983.

M. David Eckersley, Salt Lake City, for plaintiff.

David L. Wilkinson, Frank V. Nelson, Salt Lake City, Thomas S. Taylor, Provo, for defendants.

HOWE, Justice:

This is a petition to review a final order of the Industrial Commission of Utah (Utah Commission) which granted Kathryn Thompson workmen's compensation benefits from the State Compensation Insurance Fund of Colorado (Colorado Fund). The Colorado Fund seeks to have the order vacated and the case remanded with direction to dismiss it from the action.

The facts are not disputed. Ted Lewis Thompson died and his wife Kathryn was injured in a traffic accident which occurred in the course of his employment. He was driving a truck owned by his employer Rolanda Feeds, Inc., a Colorado corporation (Rolanda of Colorado). While Rolanda of Colorado had employed him, Thompson nonetheless lived in Utah, had been hired in Utah, worked in Utah and was fatally injured in Utah. Kathryn filed a claim for dependent's benefits and/or burial benefits with the Utah Commission against Rolanda Feeds, Inc., a Utah corporation (Rolanda of

Utah) and later amended the claim to include Rolanda of Colorado.[1] Rolanda of Utah is a subsidiary of Rolanda of Colorado. Neither corporation had filed any policy of insurance with the Utah Commission as required by law.

After a hearing at which the Colorado Fund was not present, the Administrative Law Judge of the Utah Commission dismissed Rolanda of Utah because the evidence was that Thompson had been employed by Rolanda of Colorado. He then entered an amended order awarding judgment and attorney's fees against the Colorado Fund. After receiving notice of the entry of the award, the Colorado Fund appeared in the action and denied both that it was subject to the jurisdiction of the Utah Commission and that it had insured Rolanda of Colorado for workmen's compensation liability arising under the laws of the state of Utah. The Commission reopened the matter to consider the defenses of the Colorado Fund but ruled that personal jurisdiction was properly exercised over the Colorado Fund on the following grounds:

1. The defendant, Rolanda Feeds, Inc., the employer which is insured by the Colorado Fund entered an appearance and submitted to this jurisdiction which binds the said defendant's insurance carrier.

2. Though counsel for the Compensation Fund of Colorado first entered an appearance specially said counsel thereafter filed a Motion for Review arguing the case on its merits without reservation of a special appearance therefore binding its client by submitting to the jurisdiction of the Industrial Commission of Utah.

The Utah Commission ultimately reaffirmed the liability of the Colorado Fund. In an order of the Commission the Administrative Law Judge held:

It further appears that if the Colorado Fund was not held liable to pay the workmen's compensation benefits to the applicant for the death of her husband under coverage A of the Compensation Insurance Fund of Colorado's policy, that the applicant would be able to bring a common law action against the defendant employer and that the State Insurance Compensation Fund of Colorado would then be liable to the applicant under the provisions of "Coverage B—Employers Liability" which requires insurance carrier to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages [sic] of the bodily injury by accident or disease, including death at any time resulting therefrom". [sic] By our finding of liability and by our Order against the Colorado corporation the Colorado Fund becomes liable to pay the benefits set forth in this and prior Orders.

CONCLUSIONS OF LAW:

The defendant, Rolanda Feeds, Inc., a Colorado corporation and its insurance carrier, State Insurance Compensation Fund of Colorado, are liable to pay the sums set forth in the Order as Amended.

Without resorting to a textbook treatment of all of the jurisdictional questions raised here, a brief analysis of the Commission's holding reveals the error of this case.

■ Under Coverage A of the insurance contract the Fund agrees "[t]o pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law." This provision must be read in light of the fact that the Colorado Fund was unchallenged in contending to the Utah Commission that it was authorized by statute to write insurance only in Colorado and that it was not authorized nor licensed to write insurance in Utah. Further, neither Utah law nor Colorado law has heretofore been extended to allow dependents of a deceased worker to recover benefits pursuant to a workmen's compensation act of a state in which he was not hired, did not work and was not injured. *Buhler v. Maddison,* 105 Utah 39, 140 P.2d 933 (1943); *R.C.S. Lumber Co. v. Worthy,*

---

1. A copy of a complaint filed in a Utah district court had been attached to the original claim; and, a claim had also been filed with the Colorado Workman's Compensation Division which declined jurisdiction.

149 Colo. 537, 369 P.2d 985 (1962). In this case, the Administrative Law Judge found that Thompson, the deceased, "lived in Utah, was hired in Utah, worked in Utah and was fatally injured in Utah." Liability against the Colorado Fund in the face of these facts is not within coverage of the contract and exceeds the limits of the law. Consequently, there is no liability against the Colorado Fund under Coverage A.

■ Assuming, without deciding, that the Commission accurately held that under Coverage B "the applicant would be able to bring a common law action . . .," the Commission erred in adjudicating that the Colorado Fund would be liable under Coverage B. Once the Commission determined that Coverage B addressed legal rather than administrative remedies, it was without authority to deal with the substance of those remedies.

We have heretofore spoken on the limitation of the Commission's authority. In *Continental Casualty Co. v. Industrial Comm.,* 61 Utah 16, 210 P. 127 (1922) we held that the Commission was without authority (1) to construe and apply a contract of insurance to cover workmen in the employ of an individual or corporation not named as an insured in the insurance policy, and (2) to determine whether the policy was obtained by fraud or if a mistake was made in fixing the date when it should become effective. We there observed:

> The Industrial Commission of this state is an administrative body. Some of its acts, in fact many of its acts, are quasi judicial, but it is in no sense a judicial body, and is distinctly an administrative body. The question of the dependency being admitted, the issuance and delivery of the policy also being admitted, and the accident happening within the time covered by the policy, the Industrial Commission was without authority to determine or hold that its terms were not in force and binding upon the casualty company at the time of the accident. If the

policy was obtained by fraud or if a mistake was made in fixing the date when the same should become effective, the Industrial Commission is not the tribunal to grant the plaintiff relief.

61 Utah 16, 20, 210 P. 127, 128. Cf. *University of Utah v. Industrial Comm.,* 64 Utah 273, 229 P. 1103 (1924) where the Commission was held to lack authority to determine whether a state university was liable under the law for the payment of premiums to the state insurance fund. See also *Crain v. W.S. Hatch Co.,* 22 Utah 2d 280, 451 P.2d 788 (1969) where the Commission was found to have no statutory authority to place benefit funds in trust for children. But cf. *Scranton Leasing Co. v. Industrial Comm. of Utah,* 51 Utah 368, 170 P. 976 (1918) where the Commission was held to have authority to reject a policy issued to an employer by a private insurance company where the policy provided in general terms for participation by the employer. See generally 127 A.L.R. 473 (1940) and 82 Am. Jur.2d, Workmen's Compensation, § 683 (1976).

We recognize that some states have extended the authority of commissions to allow them latitude to consider questions concerning the existence of insurance coverage and liability of the insurance carrier. *Employers Liability Assur. Corp. v. Industrial Accident Comm.,* 177 Cal. 771, 171 P. 935 (1918); *Greene v. Spivey,* 236 N.C. 435, 73 S.E.2d 488 (1952). However, as we held in *Continental Casualty Co.,* supra, authority does not extend that far in this state.[2]

The Administrative Law Judge and the Commission should have recognized the limitation of the Commission's authority when it determined that Coverage B of the insurance contract pertained to a common law action for damages. It was therefore error to assert authority with the conclusion that the Colorado Fund, if not liable under Coverage A, would be liable under Coverage B. There was no liability against the Colorado Fund to pay compensation under Coverage

**2.** Cf. *Smith Construction v. Newcomb,* 181 Okl. 5, 71 P.2d 1091 (1937) and *Erickson v. Kircher,* 168 Minn. 67, 209 N.W. 644 (1926) which found that authority does not extend to the determination of rights and liabilities between the employer and insurer.

A; and, the Commission was without its authority to determine liability of the Fund under Coverage B.

In other states, where jurisdiction has been exercised by a state over an insurer in the face of a contract whose terms do not provide coverage in that state, the court has set aside the award against the insurer. *Travelers Insurance Co. v. Industrial Accident Com'n.*, 240 Cal.App.2d 804, 50 Cal. Rptr. 114 (1973). See also *Skyline Painters, Inc. v. Travelers Insurance Co.*, 113 N.H. 336, 306 A.2d 759 (1973); *Jones v. Hennessy*, 232 La. 786, 95 So.2d 312 (1957); *Mandle v. Kelly*, 229 Miss. 327, 90 So.2d 645 (1956); *Anderson v. St. Paul Mercury Indemnity Co.*, 84 So.2d 878 (La.App.1956).

There is no alternative but to vacate the order granting Kathryn Thompson Workmen's Compensation benefits from the Colorado Fund. The case is remanded and the Utah Commission is directed to dismiss the Colorado Fund from the action. No costs are awarded.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.