72 So.2d 895 (1954)
SMITH
v.
CROSSETT LUMBER CO. et al.
No. 8063.
Court of Appeal of Louisiana, Second Circuit.
May 26, 1954.
W. T. McCain, Colfax, Harry Fuller, Winnfield, for appellant.
Gravel & Downs, Alexandria, Madison, Madison, Files & Shell, Bastrop, for appellees.
AYRES, Judge.
Plaintiff instituted this suit against Crossett Lumber Company and Ernest Vallery and the latter's workmen's compensation insurance carrier, Coal Operators Casualty Company, under the Workmen's Compensation Act, LSA-R.S. 23:1021 et seq., for the maximum provided by statute for permanent and total disability as the result of an accident of May 3, 1952.
This case presents primarily for decision the question of relationship between plaintiff and his immediate employer, Willie E. Smith, Jr., and Ernest Vallery and Crossett Lumber Company, that is whether the relationship was that of employer and employee or vendor and vendee. Plaintiff was in the immediate employ of W. E. Smith, Jr., his *896 son, whose relationship with Vallery and Crossett Lumber Company is contended by the defendants was that of vendor and vendee. After trial of the issues on the merits, the defendants filed an exception of no right of action, in which they alleged that the record disclosed that plaintiff was without right of action as against either of the defendants. The trial court sustained the exception and dismissed plaintiff's suit. From the judgment rendered plaintiff was granted a devolutive appeal to this court.
There does not appear to be any controversy as to the material facts of plaintiff's employment. His employment with his son for approximately four months prior to the accident was in the nature of a woods foreman, overseeing the work and engaging actively therein himself, his son being an independent producer of pulpwood, logs and other products. Plaintiff assisted his son in purchasing timber on a tract of land owned by Kurtin Reech, and it was during the working of this timber that an accident occurred, resulting in plaintiff's injuries. Smith, Jr., therefore, secured his own timber, hired his own employees, produced pulpwood, hauled and transported it to the Missouri Pacific Railroad at Pollock, Louisiana, loaded it on cars and sold it, thus delivered and loaded, to Ernest Vallery and J. Broussard. The latter, according to the evidence, was a partner of Vallery in some phases of his operations and particularly the one herein involved. After the wood was transported to the railroad, it was measured and loaded indiscriminately with wood produced by various and sundry other persons from whom Vallery and Broussard were also purchasing wood. Vallery or Vallery and Broussard, in the former's name, billed and shipped the pulpwood so acquired from Smith, Jr., to Crossett Lumber Company at Crossett, Arkansas. A stipulated and agreed price per cord was paid to Smith, Jr., for the pulpwood, after deducting 37 cents per cord as payment for premiums on a workmen's compensation insurance policy issued to and in favor of Ernest Vallery by the Coal Operators Casualty Company, and after withholding the stumpage price of the pulpwood, which was paid directly to the landowner.
There is, therefore, no relationship of employer and employee between Ernest Vallery and plaintiff or with plaintiff's employer. The relationship between Ernest Vallery and Crossett Lumber Company was also that of vendor and vendee. Crossett Lumber Company was a mere purchaser of wood and had no notice or knowledge of who cut, delivered and sold the pulpwood to its vendor. There was, therefore, no semblance of a relationship of employer and employee between Smith, Jr., and Vallery or Vallery and Broussard but a relationship of seller and buyer.
The jurisprudence makes it perfectly clear, in our opinion, that a purchaser of pulpwood is not liable for compensation benefits for accidental injuries sustained by employees of the seller. Wex S. Malone in his work, Louisiana Workmen's Compensation Law and Practice, Section 123, Page 144, in discussing the liability of a principal to employees of independent contractors, clearly expressed this point of law thusly:
"Section Six of the Workmen's Compensation Act (23 LSA-R.S. 1061) is not brought into operation unless the relationship of principal and contractor exists between the defendant and the claimant's employer. The employees of a seller have no claim for compensation against the purchaser of the article upon which they worked unless they were also employees of the purchaser and were subject to his control.
"The buyer is not made liable to the seller's employees by Section Six even though an exclusive buying and selling agreement existed; nor is it of any consequence that the buyer reserved the right to reject commodities sold under the contract, nor that he discharged taxes which were properly chargeable against the seller or otherwise assisted the seller in keeping his records in order. Likewise, the buyer is not subjected to compensation because he furnished materials or tools to enable the seller to fulfill his contract. Even the fact that the buyer paid the seller's employees or carried compensation insurance *897 for their protection has not served to make him liable for compensation under this Section.
"The great bulk of the cases in which the defendant claimed immunity because of his status as purchaser have arisen in connection with lumbering transactions. Not infrequently the owner of a tract of timberland undertakes to log his own property under a contract to sell the timber to a mill or other lumber concern. It is clear that under such circumstances the owner's employees have no valid claim against the buyer in the event of injury".
The above quoted author's statement is supported by the jurisprudence of this State. Anthony v. Natalbany Lumber Co., Limited, La.App., 187 So. 288; Williams v. George, La.App., 15 So.2d 823; McDonald v. Hammond Box Co., Inc., La.App., 17 So.2d 39, 40. In the latter case Justice LeBlanc stated:
"We have no thought of deviating from this established jurisprudence and therefore have no alternative but to affirm the judgment appealed from".
In the case of Taylor v. Employers Mut. Liability Insurance Co., La.App., 49 So.2d 635, this court held in a situation similar to the one now before us that such an arrangement constituted a relationship of vendor and vendee and not that of employer and employee, and there could be no recovery under the Compensation Act. The ruling of this court was affirmed by the Supreme Court in 220 La. 995, 58 So. 2d 206, wherein it was held that where deceased, using his own equipment, delivered logs to sawmill under agreement whereby deceased was not required to deliver any definite quantity or quality of logs and no definite time was fixed for life of agreement, and mill company, after logs were accepted and scaled, paid stumpage price to owner of the trees directly and then paid the balance of the price to deceased, relationship between deceased and mill company was that of seller and purchaser and not that of employer or employee or independent contractor within the purview of the Workmen's Compensation Act, and hence deceased's death, caused by falling from his truck, was not compensable.
Counsel for plaintiff fully appreciate and understand the facts of this case and the jurisprudence and principles hereinabove referred to, for in the concluding paragraph of their brief, they say:
"Counsel for plaintiff do not ask this court to overrule the jurisprudence of this State to the effect that where a true buyer and seller relationship actually exists, the buyer is not liable to the seller's employees for compensation in cases of disability resulting from accidents. It is simply contended and submitted that, from top to bottom, the far flung and extensive operations were conducted and carried on for the purpose of securing the desired and needed production of pulpwood in the trade, business and operation of Crossett Lumber Company and that there was no buyer-seller relationship such as the Courts had in mind when holding that there could be no recovery of compensation from the buyer".
Counsel has not pointed out to us the reasons for any differences or distinctions that were or could be made in the facts of the case at bar from those referred to as establishing or supporting the jurisprudence complained about. Our study has not revealed any substantial differences or distinctions which would in our opinion, justify us in departing from such jurisprudence. In fact, the pattern of operation of the parties now before the court was almost identical with that which existed in Taylor v. Employers Mut. Liability Insurance Co., supra.
That the relationship between the parties was a bona fide one, whereby Vallery or Vallery and Broussard were in good faith purchasing pulpwood from Willie E. Smith, Jr., and whereby a similar relationship existed between Crossett Lumber Company and Vallery, or Vallery and Broussard, is not questioned, and there are no facts or circumstances disclosed in the record justifying us in concluding the contrary *898 or that the arrangement was for the purpose of avoiding payment of compensation or of circumventing the Act. If such facts were shown to exist, we would have no hesitancy in so holding, even to the extent of ignoring the apparent agreement in order to determine its real purpose and effect.
The further contention is made by plaintiff that the insurer and Ernest Vallery are estopped to deny liability because of the issuance of the workmen's compensation insurance policy to Vallery and the payment by him and the receipt by the insurer of the premiums therefor. This policy covered the operations of the named insured, Ernest Vallery. The premiums were calculated upon the quantity of wood sold and Vallery paid upon all wood sold by him, including that purchased from Willie E. Smith, Jr., and in connection with which plaintiff performed his services.
This question has been disposed of adversely to plaintiff's contention. For instance, the Court of Appeal for the Parish of Orleans in the case of Franz v. Sun Indemnity Co. of New York, 7 So.2d 636, 638-639, through Judge Janvier as the organ of the court, stated:
"If by the issuance of a policy in which it agreed to indemnify the employer corporation against loss due to liability for compensation and by the acceptance of a premium therefor the insurer estopped itself to contend that the employer, because of the nature of its business, could not be liable in compensation, then that is an end of the entire matter so we should first consider that contention, which is in the nature of a plea of estoppel. In the first place, it should be noted that in the policy there is no clause or stipulation which in any sense imposes on the insurer any liability other or greater than that which by law could be imposed upon the employer. The policy is simply an agreement that if the employer becomes liable in compensation to an employee, or to his dependents, the insurer will assume that liability. It is true that it does contain a stipulation that the insurer will make payment directly to the employee or to his dependents and that the employee or his dependents may sue the insurer directly and without the necessity of making the employer a defendant. But this stipulation results from the law which gives these rights where there is a policy and which provides that though no insurance need be obtained by the employer, if it is secured, the insurer must make itself liable directly to the employees provided there is liability in the employer. These stipulations do not in any way nor does the law in any way create against the insurer a cause of action where none exists against the employer. And we know of no reason which would justify the view that the acceptance of a premium operates as an estoppel and prevents the insurer from contending that there can be no liability. It may well be that the nature of a business is such that its operator and the insurer may both feel reasonably certain that it is not within the contemplation of the workmen's compensation statute, and yet that there is a possibility that the courts may differ from them if and when a claim in compensation arises. Why, under such circumstances, should the employer not be permitted to make certain of his own protection by purchasing insurance without, by so doing, cutting off from the insurer the right to make the defense which both think is perfectly sound; that the employment is not hazardous? The statute itself contemplates that no such estoppel shall result for it provides that even the furnishing of medical service or the making of payments by the employer or by the insurer shall not constitute an admission of liability: `Neither the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation under this Act.' * * *
*899 "It will be noted that there is no limitation in this provision. Even after the furnishing of medical services or even after the making of a payment the employer or the insurer may still set up as a defense any contention; even that, because of the nature of the employer's business, the employer is is not within the contemplation of the statute. In Benjamin v. Standard Accident Insurance Co. of Detroit, 152 La. 874, 94 So. 428, 429, the Supreme Court expressed the view that the issuance of a policy does not make the insurer liable unless the employer could have been held. That was a suit under this statute. It was held that the business of that employer was not hazardous. The court said: `* * * The reason plaintiff cannot recover under the Workmen's Compensation Act is that the employment was not dangerous, and that there was no agreement in writing that the parties should come under the act. * * *'
"But on behalf of plaintiff it was contended that this defense should not be available to the insurer since the insurer had issued a policy of workmen's compensation insurance. The court said: `* * * but from that fact does not result in favor of plaintiff a right of action under the Workman's Compensation Act. Plaintiff had no right of action under the act against the employer, and has none against the surety of the employer.'
"See also Rutland v. General Accident Fire & Life Assur. Corp. [La. App.], 200 So. 486, 488, in which our brothers of the First Circuit said: `* * * there only remains now the question as to plaintiff's right of action against the defendant, insurance company, Gillespie's surety under the contract of insurance. That question might be the source of further controversy in the case were it not for the fact that the Supreme Court has already specifically held that where an employee has no right of action under the Statute against the employer, he has none against the employer's surety. This ruling was made in the case of Benjamin v. Standard Accident Insurance Co., 152 La. 874, 94 So. 428. * * *'
"There is then no estoppel * *."
If there is no liability on the part of Vallery as the purchaser of wood from the employer to pay compensation benefits to the employer's employees, by the same token and reasoning there is no legal liability on the part of Crossett Lumber Company, which was likewise a purchaser of pulpwood from the original vendee, Vallery.
The insurance carrier is only liable when the insured is liable. Hence, as we have held that Vallery was without liability, there could be no liability on the part of his insurer, Coal Operators Casualty Company.
As was said in Benjamin v. Standard Acc. Ins. Co. of Detroit (in Re Benjamin), 152 La. 874, 94 So. 428, 429 which was a suit for workmen's compensation benefits by an employee who received injuries while making cigars by hand, and wherein it was admitted the defendant was the workmen's compensation insurer for plaintiff's employer:
"Independently of all admission, the fact stands out that the defendant company was the insurer of the employer; but from that fact does not result in favor of plaintiff a right of action under the Workman's Compensation Act. Plaintiff had no right of action under the act against the employer, and has none against the surety of the employer".
A similar situation was presented with a like effect in the case of Rutland v. General Accident Fire & Life Assur. Corporation, Limited, of Perth, Scotland, La.App., 200 So. 486. An exception of no cause and no right of action was filed by the defendant and sustained by the lower court. In its opinion affirming the judgment of the trial court, the Court of Appeal was correctly quoted by Judge Janvier as given *900 above. See also Fields v. General Casualty Co. of America, La.App., 36 So.2d 843, affirmed by the Supreme Court in 216 La. 940, 45 So.2d 85; Prater v. Sun Indemnity Co. of New York, La.App., 38 So.2d 663.
A final defense urged by defendants is the want of proper party defendant. The insurance contract was issued to Ernest Vallery individually to cover his individual operation and suit was directed against him individually. The facts developed on the trial of the case that the business was being operated by a partnership composed of Ernest Vallery and John L. Broussard, and it was to this partnership that the employer sold his wood. The partnership was not made a party to this litigation, hence the basis for this contention. On this point the Supreme Court had before it the case of Dupre v. Coleman, 143 La. 69, 78 So. 241, 242. The business was operated as a partnership in the name of R. H. Coleman and Company, composed of defendant and his father. The defendant excepted on the ground that he individually was not liable for the debts of the partnership. The lower court and the Supreme Court sustained the exception. In its opinion the latter stated:
"Whatever right of action the plaintiff has * * * is against the employer. Any judgment that might be rendered also against an individual member of the partnership would be based upon his liability as a member of the partnershipnot as the employer of the plaintiffand could only be rendered on allegation and proof of his being a member of the partnership. There is no such allegation in the plaintiff's petition. On the contrary, the defendant is sought to be held liable, not as a member of a partnership, but as the employer of the plaintiff".
Our conclusion is that there is no liability on the part of Vallery as the purchaser of wood from plaintiff's employer for compensation benefits to plaintiff resulting from injuries sustained by him while performing services in procuring pulpwood so sold and purchased or on the part of Vallery's vendee, Crossett Lumber Company, which likewise was a purchaser of said products, or by Vallery's compensation insurer, Coal Operators Casualty Company, as the insured was without liability, and that both insured and insurer are not estopped from denying liability by the fact of the issuance of the policy and protection to the purchaser covering his individual operations, and that accordingly the judgment of the district court sustaining the exception of no right of action is correct.
The judgment appealed from is, therefore, affirmed.