CULPEPPER, Judge.
This is a suit for workmen’s compensation benefits. From an adverse judgment plaintiff appeals.
The principal issue is whether the legal relationship between plaintiff’s employer, J. D. Taylor, and the defendant, Ed Jones, Jr., was that of vendor and vendee or that of principal and contractor, within the *120 meaning of LSA-R.S. 23:1061. A second issue is whether the defendant, Ed Jones, Jr. is estopped to deny his liability for workmen’s compensation.
In a well considered written opinion the district judge has discussed the evidence. It will suffice that we simply state the conclusions of fact relevant to this appeal. On about November 23, 1962 plaintiff injured his back while loading a pulpwood truck on land belonging to Mrs. Claudine Cryer in Sabine Parish. Plaintiff was at the time an employee of Mr. J. D. Taylor, who had purchased the pulpwood from Mrs. Cryer and was in the process of cutting and hauling it to a nearby wood yard for sale to the defendant, Ed Jones, Jr. Mr. Jones is in the business of procuring pulpwood for International Paper Company in this area. Each week he received from them an order for a certain number of cords of wood. Jones fills parts of these weekly quotas from timber which he buys direct from landowners. He maintains three employees and one truck to produce wood in this manner. However, he fills most of his quotas by purchasing pulpwood from other producers.
In this particular case Jones was purchasing the pulpwood from another producer, Mr. J. D. Taylor. Taylor had purchased the timber from Mrs. Cryer without any assistance, advice or even knowledge on the part of Jones. Taylor was cutting and hauling the timber with his own employees, using his own equipment. Jones exercised no control whatever over the manner in which the wood was cut or hauled. Taylor was not required by contract or otherwise to sell the wood exclusively to Jones. There were several other buyers in this area to whom Taylor could, and on occasion did, sell his pulpwood. The only amount which Jones withheld from the purchase price per cord was “stumpage” for the landowner. Jones did not hold out any amount for workmen’s compensation insurance, public liability insurance, Social Security or withholding tax. Jones did not finance Taylor’s equipment or operating expenses.
The jurisprudence is well established that under facts such as these the relationship between the producer and the buyer is that of vendor and vendee, not that of principal and contractor. Taylor v. Employers Mutual Liability Insurance Co., 220 La. 995, 58 So.2d 206; Smith v. Crossett Lumber Co., La.App., 72 So.2d 895; Cerie v. Malone, La.App., 125 So.2d 254; Garner v. Southern Pulpwood Insurance Co., La.App., 149 So.2d 157.
Plaintiff apparently lays great stress on the testimony of Mr. Jones that he would be “out of business” if he could not purchase wood from producers such as Mr. Taylor. What Jones actually testified was that if he couldn’t fill most of his weekly quotas of pulpwood by purchasing from independent producers, he would probably have to maintain additional trucks and employees to produce the wood himself. Under the jurisprudence cited above we think it is established beyond argument that the mere fact that lumber mills, timber buyers, pulpwood dealers, etc. have to buy wood to operate their businesses, does not change their relationship to the wood producers from that of vendor and vendee to that of principal and contractor.
Plaintiff’s next contention is that even though we conclude the relationship of principal and contractor does not exist, the defendant, Ed Jones, Jr., is estopped to deny liability for workmen’s compensation. In support of this argument counsel for plaintiff cites Garner v. Southern Pulpwood Insurance Co., La.App., 149 So.2d 157; Hano v. Kinchen, La.App., 122 So.2d 889; Stevens v. Mitchell, 234 La. 977, 102 So.2d 237 and Carpenter v. Madden, La. App., 90 So.2d 508. The theory of these cases is that where the plaintiff has been led to believe that workmen’s compensation insurance is being furnished by the defendant, then the defendant is estopped to deny *121 such coverage and will be held personally liable.
In all of the cited cases the claimant of compensation benefits was the alleged contractor himself, instead of an employee of the alleged contractor, as in the present case. There is considerable doubt as to whether an employee of an alleged contractor can assert this doctrine of estoppel directly against the alleged principal, because of lack of privity of contract between the two. See Dunn v. Southern Pulpwood Insurance Co., 141 So.2d 882 (2nd Cir.App. 1962).
However, in any event, the evidence in this case falls far short of showing that either the plaintiff employee, or Mr. Taylor, were led to believe that Mr. Jones was furnishing workmen’s compensation insurance. Mr. Taylor did not even testify in this case and there is no showing whatever that he was led to believe that either he or his employees were covered by Jones. There are some vague statements by plaintiff and his co-employee, that they thought Mr. Jones was “over it all” and that he would pay the medical expense. However, there is no evidence that plaintiff was so advised by anyone. As noted above, no amount was held out by Jones for workmen’s compensation insurance and there is no showing that such withholdings were intended or agreed to. The evidence does show, as Mr. Jones himself admits, that where he owned the timber and was producing the pulpwood with his own employees, he did withhold a certain amount for workmen’s compensation insurance and his contractors were so advised and understood this. But, those are not the facts in the present case.
A considerable portion of the record is involved with an attempt by plaintiff to show that since Mr. Jones actually paid premiums for workmen’s compensation insurance based on the total number of cords of wood which he sold each year to International Paper Company, this supports the doctrine of estoppel. We are unable to follow this argument. Jones testified that he did carry workmen’s compensation insurance at a rate based on his past claim experience and sufficient to cover every cord of wood which he handled. But, he did this for his own protection and without in any way leading any of the independent producers, from whom he simply purchased wood, to believe that he was carrying workmen’s compensation insurance to protect the vendors or their employees.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.