166 So.2d 15 (1964)
McKinley HADNOT, Plaintiff-Appellant,
v.
SOUTHERN CASUALTY INSURANCE COMPANY et al., Defendants-Appellees.
No. 1178.
Court of Appeal of Louisiana, Third Circuit.
June 24, 1964.
*16 Jess Funderburk, Jr., Leesville, for plaintiff-appellant.
Hall & Coltharp, by L. H. Coltharp, Jr., DeRidder, for defendants-appellees.
Before TATE, SAVOY and HOOD, JJ.
SAVOY, Judge.
This is a suit for workmen's compensation benefits against Heath Timber Company, Inc., and its compensation insurer, Southern Casualty Insurance Company. Plaintiff alleged he injured his back on August 9, 1961, while lifting a piece of pulpwood during the course and scope of his employment with Heath Timber Company, Inc. The defendants answered the suit generally denying the pertinent allegations of plaintiff's petition.
After trial on the merits, the district court held that plaintiff was not an employee of Heath Timber Company, Inc., but was rather an employee of Carl Mosely, who occupied a vendor-vendee relationship with Heath Timber Company, Inc. Accordingly, judgment was rendered in favor of defendants, dismissing plaintiff's suit, and plaintiff has appealed to this Court.
The issues raised in this appeal are: (1) whether or not Heath Timber Company, Inc. was plaintiff's employer; (2) if plaintiff's employer was Carl Mosely, was the legal relationship between Carl Mosely and Heath Timber Company, Inc. that of principal and contractor within the meaning of LSA-R.S. 23:1061, or that of vendor and vendee; (3) whether or not defendants are estopped to deny liability for workmen's compensation; (4) whether or not plaintiff received an injury within the meaning of the act; and (5) the extent of plaintiff's disabilities.
The record reveals that on August 9, 1961, plaintiff injured his back while loading a pulpwood truck on land belonging to Ray Hyatt in Beauregard Parish. The truck was owned by Carl Mosely. Plaintiff had been approached by Lawrence Mosely, the son of Carl Mosely, to work with the crew of the truck loading pulpwood, and plaintiff was working under the supervision of Carl Mosely. Mosely had purchased the pulpwood from Ray Hyatt and was in the process of having it cut and hauled to a railroad terminal in Deouincy, Louisiana, where the pulpwood was loaded on flatcars for Heath Timber Company, Inc. The record shows that Heath Timber Company, Inc. is in the business of procuring pulpwood and selling it to International Paper Company. Bennie Heath is its president and general manager. Each week Heath received an order for a certain number of cords of wood, and then obtained the pulpwood in two different ways. He bought timber directly from landowners, and had it cut and hauled by company employees using company equipment or by contractors acting under his supervision. The other method of procuring timber was to purchase it from independent producers at a fixed price per cord delivered at the railroad terminal.
Plaintiff maintains the evidence shows that actually plaintiff was an employee of Heath Timber Company, Inc. It is urged that Carl Mosely was only an employee or agent of Heath Timber Company, Inc., who owned a pulpwood truck. In this connection it is pointed out that Mosely testified he assisted the corporation in locating pulpwood timber; that he had no money to buy or sell it; and, that when the timber was located, Heath would tell him *17 to get it. Plaintiff urges that under these facts Heath was actually buying the pulpwood, since it is common knowledge that there is no bargaining, and not necessary for the actual buyer of timber products to see the owner of timber, but is rather the common practice to buy it by the cord at a standard rate, and then for the buyer to send the stumpage directly to the landowner.
It is urged that if plaintiff was not an employee of Heath Timber Company, Inc., then there was a relationship of principal and contractor between that corporation and Carl Mosely, rather than the relationship of buyer and seller, as held by the district court.
After carefully considering the evidence, we agree with the holdings of the district court that plaintiff was not an employee of Heath Timber Company, Inc. and that the relationship between Carl Mosely and Heath Timber Company, Inc. was that of seller and buyer. Actually, plaintiff admitted that he was not an employee of Heath Timber Company, Inc. Under the direction of Carl Mosely, his son, Lawrence Mosely, approached and hired plaintiff to load pulpwood on a truck owned by Carl Mosely. Plaintiff was paid by Carl Mosely, and had no connection with Bennie Heath. When plaintiff began working for Mosely the pulpwood was being hauled to Merryville and sold for the account of James Whitely. The plaintiff was clearly not an employee of Heath Timber Company, Inc.
As to Carl Mosely's relationship with Heath Timber Company, Inc., the evidence shows that Mosely made his own arrangements for timber; he hired and fired his own employees, whose wages he paid himself; he used his own equipment and had complete control of his own operation. Mosely had dealt with Heath Timber Company, Inc. less than one month before the time of plaintiff's accident on August 9, 1961, and was under no obligation to sell the pulpwood to Heath Timber Company, Inc. When plaintiff began working for Mosely about two months before the accident, Mosely was selling the timber to James Whitely, who was also a pulpwood producer. Carl Mosely testified that he purchased the timber and sold it to Heath Timber Company, Inc. and requested that the stumpage be withheld. He further testified that if he was able to obtain the timber at less than the usual price of $4.00 per cord, that he would make the extra profit. The record shows that Heath Timber Company, Inc. had not furnished any equipment, had never arranged for any of Mosely's labor, and had not exercised any control over where the timber was purchased or over the manner in which the wood was cut or hauled. Mosely testified that all Heath Timber Company, Inc. did was to pay him for pulpwood which he delivered at the rail terminal at DeQuincy, Louisiana, after deducting therefrom the stumpage price for the landowners.
Under the facts of this case, we find no manifest error in the district court's determination that the relationship between Carl Mosely and Heath Timber Company, Inc. was that of vendor-vendee, and not that of principal-contractor or employeremployee.
Under the jurisprudence of this State, a purchaser of pulpwood is not liable for compensation benefits for injuries sustained by employees of the seller. Richardson v. Jones, (La.App., 3 Cir., 1964), 163 So.2d 119; Garner v. Southern Pulpwood Insurance Company, (La.App., 3 Cir., 1963), 149 So.2d 157; Dunn v. Southern Pulpwood Insurance Company, (La.App., 2 Cir., 1962), 141 So.2d 882; and Cerie v. Malone, (La.App., 3 Cir., 1960), 125 So.2d 254.
The only case cited by plaintiff is that of Vinzant v. L. L. Brewton Pulpwood Company, 239 La. 95, 118 So.2d 117. The facts of that case are quite different from the one before us on appeal. In the Vinzant case, the district judge found there existed an employer-employee relationship which *18 had existed off and on for a period of four or five years on previous occasions, and continued to exist at the time plaintiff was injured. The trial judge reasoned that if there was going to be a change in the status of the relationship between plaintiff and defendant, then it should have been clearly discussed and understood between the parties. In the case before us on appeal, there was never an employer-employee relationship between Carl Mosely and Heath Timber Company, Inc., and the parties had dealt with each other for less than a month before plaintiff's injury.
Plaintiff's next contention is that even though there was no relationship of principal and contractor, the defendants are estopped to deny liability for workmen's compensation, inasmuch as plaintiff and Carl Mosely were led to believe that workmen's compensation insurance was being furnished by the defendant, Heath Timber Company, Inc. The evidence relating to this issue is in direct conflict. Carl Mosely testified that $.75 per cord was withheld by Heath Timber Company, Inc. for workmen's compensation insurance. This was also the testimony of his son, Lawrence Mosely. However, Bennie Heath, president and general manager of Heath Timber Company, Inc., flatly denied that any amounts whatsoever were withheld, except the stumpage payable to the landowners at the request of Mosely. Bennie Heath testified that he had never told Carl Mosely or anyone similarly situated that he withheld any monies for the purpose of workmen's compensation, or that he carried workmen's compensation for their benefit.
The records of Heath Timber Company, Inc. did not reflect any withholdings for insurance, witholding taxes or social security from any payments made to Carl Mosely, or other "producers". Defendants direct our attention to certain conflicts in the testimony of Carl Mosely, and that he finally admitted at one place that Heath Timber Company, Inc. withheld nothing from the payments to him except the stumpage for the landowners. It is also noted that plaintiff testified that Mosely withheld ten cents a cord from his wages for insurance, but this is denied by Carl Mosely. Carl Mosely testified he paid plaintiff in cash without any withholdings whatsoever. The plaintiff had no dealings with Heath Timber Company, Inc. directly.
Plaintiff lays great weight on the showing of facts that Heath Timber Company, Inc.'s workmen's compensation premium rate was based upon the total number of cords of wood sold each year to International Paper Company, and that although the only employee of Heath Timber Company, Inc. for 1961 was Mr. Bennie Heath, yet the annual premium amounted to $7,548.18. Although the annual rate was based on the total number of cords of wood, the premium rate was modified according to the loss or premium experience. Bennie Heath testified the workmen's compensation insurance was carried for the protection of Heath Timber Company, Inc., and that the independent producers, from whom he simply purchased wood, were never led to believe that he carried insurance to protect them or their employees.
We fail to see how the method used in computing the premium rate could extend the policy coverage beyond that imposed by law.
Nor would the payment of compensation benefits to plaintiff amount to either an admission of liability by the defendants or an admission that Heath Timber Company, Inc. considered itself liable under the principal-contractor relationship. LSA-R.S. 23:1204 provides as follows, towit:
"Neither the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation under this Chapter."
*19 Such payments cannot be considered an admission of liability on the part of the defendants. Cerie v. Malone, supra.
Although the evidence is conflicting, the district court had a better opportunity to evaluate the testimony of the witnesses, and we find no manifest error in the determination that Heath Timber Company, Inc. did not lead Carl Mosely or plaintiff to believe that workmen's compensation insurance was being furnished for their benefit. In any event, there is considerable doubt as to whether an employee of an alleged contractor can assert this doctrine of estoppel directly against the alleged principal because of the lack of privity of contract between the two parties. Richardson v. Jones, supra; and Dunn v. Southern Pulpwood Insurance Company, supra.
In view of our holdings on the first three issues, it will not be necessary for us to consider the last two issues.
For the reasons herein assigned, the judgment of the district court is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
Affirmed.