CULPEPPER, Judge.
This is a workmen’s compensation case. After trial on the merits the district judge awarded plaintiff benefits for total and permanent disability. Defendants appealed. Plaintiff answered the appeal seeking penalties and attorneys fees.
The principal issue on appeal is whether the relationship between the plaintiff, Clifton Jack, and the defendant, G. L. Malone, was that of vendor-vendee or that of employee-employer or, alternatively, that of independent contractor and principal.
*477 The facts show the plaintiff and one Horace Poullard were partners engaged in cutting and hauling pulpwood. They owned their own truck and power saw and split the net profits on a 50-50 basis.
Defendant, G. L. Malone, has for many years been a large scale buyer of pulpwood for resale to various paper mills. This particular case involved the operation of Mr. Malone at the Port Barre woodyard. This is a so-called “public” yard, owned by the railroad and used by anyone who desires to ship pulpwood. Mr. Malone kept a large pulpwood loader there for the purpose of removing wood from trucks onto railroad cars. Malone had entered into an agreement with Mr. Sam Cloud whereby Malone furnished to Cloud the loader and operator and agreed to “buy” from Cloud pulpwood at a price of $10.50 a cord. Cloud employed a scaler and purchased pulpwood from anyone who brought wood to the yard. Cloud paid $9.50 a cord to the producers, and customarily withheld $1 per cord as stumpage for the landowner.
In this particular case Jack and Poullard were stopped on the highway one day by Mr. Lester Fogleman, a landowner who wanted to sell his timber. They agreed then and there that Jack and Poullard would cut the wood and haul it to the Port Barre yard and Mr. Fogleman would receive $1 per cord stumpage by check from the purchaser at the yard. Pursuant to this arrangement Jack and Poullard started cutting and hauling the wood to Port Barre where they received from Mr. Cloud $9.50 a cord, paid at the end of each week, less the $1 a cord stumpage for Fogleman, which Jack and Poullard requested Cloud to withhold. The stumpage checks were handed by Cloud each week to Poullard who in turn took them to Fogleman. It was while cutting wood on the Fogleman tract on September 11, 1963 that plaintiff cut his hand with the power saw.
The district judge held that Sam Cloud was a “middle man”, i. e., actually an employee or contractor of Malone and hence that an employer-employee or contractor and principal relationship existed between plaintiff and Malone at the time of the accident. The reasons for this conclusion are not given in the district court’s very brief opinion.
After carefully reviewing the record we are unable to affirm the trial court decision. Even if we were to assume that Mr. Sam Cloud was an employee, or at least a contractor, of Malone, we think the evidence shows clearly that Jack and Poullard were neither employees nor contractors but simply vendors.
The essential facts of this case are very similar to those in Taylor v. Employers Mutual Liability Insurance Company, 220 La. 995, 58 So.2d 206 (La.Sup.Ct.1952). Here, as in the Taylor case, the claimant used his own truck and other equipment; claimant had made all arrangements for the purchase of the timber from the landowners; the timber was cut and hauled by the claimant without any control or supervision whatever by defendant; the wood was scaled and claimant was paid only for the amount of wood delivered; there was no agreement whereby claimant was bound to deliver any certain quantity of wood; claimant was free to sell his wood to whomever he desired; the only amount withheld from the purchase price of the wood was stumpage which was paid by the defendant to the landowner. Under such facts our Supreme Court held in the Taylor case that the relationship between the claimant and the defendant was simply that of vendor and vendee and not that of employer and employee or of independent contractor and principal.
In the more recent case of Richardson v. Jones, 163 So.2d 119 (3rd Cir.App.1963) the essential facts were also very similar. The producer of the wood had made all arrangements for the purchase of the timber from the landowner, without any assistance, advice or even knowledge on the part of the vendee at the woodyard; the producer cut and haqled the wood with his own equip *478 ment; there was no control or supervision by the defendant as to the manner in which the wood was cut or hauled; the producer was not required by contract or otherwise to sell the wood exclusively to the defendant; the producer was paid by the cord for the amount of wood delivered; no amount was withheld from the purchase price except stumpage for the landowner. After reviewing the jurisprudence following Taylor v. Employers Mutual Liability Insurance Company, supra, we held the relationship between the claimant and defendant was simply that of vendor and vendee.
We think the above mentioned jurisprudence is clearly controlling in the present case.
For the reasons assigned the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the defendants, G. L. Malone and Aetna Casualty & Surety Company, and against the plaintiff, Clifton Jack, rejecting plaintiff’s demands at his cost. All costs of this appeal are assessed against the plaintiff.
Reversed and rendered.