FRUGÉ, Judge.
The plaintiff, William R. Burns, instituted this action for workmen’s compensation *279 benefits allegedly owed him by the defendants as a result of an accident on July 10, 1969. The trial court rejected the plaintiff’s demands at his cost, and the plaintiff appealed.
At the time of the accident, the plaintiff was employed as a laborer by Bobby George to assist him (George) in cutting, loading, and delivering pulpwood to the Kraft Paper Mill in Pineville, Louisiana. George owned the equipment used to cut and load the wood and the truck which hauled the wood to the mill. George sold the wood which he cut to Travis Taylor, who had a contract to deliver certain quantities of wood to the Kraft Mill. Taylor, paid George $13.50 per cord for the wood that George delivered to the mill. This represented the going price of a cord of wood, $18.00, less $4.50 for stumpage to the landowner which Taylor deducted at George’s request.
George could not sell wood directly to the Kraft Mill. Any of his wood that reached the Kraft Mill had to be sold through Taylor or some other buyer who had a contract with the Kraft Mill.
The accident occurred when a piece of wood which George and his crew were loading on the truck jammed Burns’ right hand against an upright bar on the back of the truck. The hand was severely injured.
The question of Bobby George’s liability to the plainiff is not at issue, since George did not file an answer and no default was taken against him.
Counsel for the plaintiff contends that the trial court’s failure to find Travis Taylor and his insurer, American Mutual Liability Insurance Company, liable to Burns was erroneous in the following respects: (1) In failing to find an employer-employee relationship between Taylor and Burns; (2) by failing to apply the doctrine of estoppel; (3) by failing to find that Burns was the beneficiary of a stipulation pour autrui; and (4) in denying plaintiff penalties and attorney fees under La.R.S. 22:658.
The plaintiff concedes that Bobby George cut wood when and where he wished, hired his own help, provided his own equipment, and answered to no one in getting the wood to the mill. Even <so, the plaintiff contends that Taylor was an employer because George could not deliver wood to the Kraft Mill unless Taylor provided him with a ticket showing that the wood was to satisfy part of Taylor’s monthly quota under his contract with the Kraft Mill.
The jurisprudence is clear, however, that buy-sell agreements such as the one between Taylor and George do not change a buyer-seller relationship to an employer-employee or principal-contractor relationship where the seller operates as independently as George did in the instant case. Guillory v. Farrar, 182 So.2d 158 (La.App. 3d Cir. 1966); Hadnot v. Southern Casualty Insurance Company, 166 So.2d 15 (La.App.3d Cir. 1964); Smith v. Crossett Lumber Company, 72 So.2d 895 (La.App. 2nd Cir. 1954).
We also find no error in the trial court’s holding that Taylor was not estopped from denying liability to Burns and George’s other employees. Taylor did not deduct the cost of insurance from the amount that he paid George for the wood. The only deduction was for stumpage to the landowner, which is a customary practice in the pulpwood business. The fact that Taylor had insurance and that George knew it does not increase Taylor’s liability. A party who operates with ambiguous areas of liability and insures himself against such potential liability does not forfeit any defense or increase his liability by doing so. Smith v. Crossett Lumber Company, supra.
The plaintiff’s contention that he was a third party beneficiary of a stipulation pour autrui between the Kraft Paper Mill and Travis Taylor is also without *280 merit. The certificate of insurance required by the Kraft Mill failed to state with the requisite clarity that it intended to confer benefits upon a third party. We do not think that the parties intended to confer such benefits, but instead were merely trying to insure that any liability incurred on their part would be covered by insurance.
The issue of penalties and attorney fees must be resolved against the plaintiff, in view of our disposition of the plaintiff’s previous contentions.
For the reasons assigned, the judgment of the trial court is affirmed at the plaintiff-appellant’s cost.
Affirmed.