MILLER, Judge
(dissenting).
The majority found that Kraft Paper Mill and Travis Taylor did not intend to confer workmen’s compensation benefits to Bobby George’s employees.
The evidence is uniformly to the contrary. Kraft’s manager (in charge of purchasing all pulpwood needed by the paper mill) testified that Taylor was required to furnish a certificate of insurance to protect Kraft, Taylor AND the worker in the woods. “We don’t get any wood unless we have wood cutters and we want to see that they are taken care of.” Tr. 65, 66.
Taylor paid a workmen’s compensation insurance premium of 54{i per cord on every cord of wood that George delivered to Kraft. Tr. 60. Taylor reported this accident to his compensation insurer and told George that the accident was covered. Tr. 62. Taylor specifically testified that it was his intention “to cover these fellows.” Tr. 63.
George understood that Taylor provided the workmen’s compensation insurance; that you couldn’t get in the mill unless you had insurance; and “the contractor (Taylor) was the guy when he gave you the ticket (to bring pulpwood to Kraft) well you was automatically covered with insurance.” Tr. 70. After the accident, Taylor told George “not to worry that he was paying insurance on every cord that went in there.” Tr. 72.
Additionally, the employee Burns knew that Taylor was paying workmen’s compensation insurance premiums, and that the wood couldn’t get in the mill unless insurance coverage was provided. Tr. 75, 76.
This case is distinguished from Smith v. Crossett Lumber Co., 72 So.2d 895 (La.App.2d Cir. 1954), in that this insurance coverage was purchased for the purpose of protecting this plaintiff. This is documented by testimony from Kraft, Taylor, George and Burns, from the plant official, the pulpwood contractor, the pulpwood producer and the employee.
I find that Taylor was paying George $18.54 per cord for pulpwood. In addition to the $18 per cord paid for the wood, Taylor was paying 54‡ per cord for insurance on George’s employees. The holding to the contrary violates the express terms of the agreements by Kraft, Taylor and George.
I respectfully dissent.
On Application for Rehearing.
En Banc. Rehearing denied.
MILLER, J., votes for rehearing.