LOTTINGER, Judge.
Robert James Hart, as petitioner, filed this suit for workmen’s compensation benefits naming as his employers the following defendants: Dick Richardson, Crown Zell-erback Corporation, Wood Scales, Inc. and/or Richardson’s Wood Scales and Employers Insurance of Wausau, the compensation insurance carrier of the other defendants. The Lower Court awarded a judgment in favor of petitioner and against Wood Scales, Inc. and the insurance company for compensation at the rate of $26.00 per week beginning September 16, 1969, for the duration of his disability not exceeding 500 weeks. Said defendants have taken this appeal.
In its written reasons for judgment, the Lower Court said:
“This is a workman’s compensation claim for total permanent disability wherein claimant caught his right hand in a winch causing severe injuries to his right hand. At the time of the accident the claimant was working for his father who owned the truck that the claimant was loading at the time of the injury. The father hereinafter referred to as the producer was furnishing pulpwood to Wood Scales, Inc. hereinafter referred to as the dealer on a more or less regular basis for some time. The dealer testified and so did the producer that the dealer had an order for some hardwood and acting upon this information the producer made arrangements with his sister-in-law to cut some hardwood on her property. At the time of the accident the claimant was in the process of cutting and loading this hardwood on property owned by the producer’s sister-in-law. The producer at the time was not present but was out looking for more timber in which to cut. The dealer testified that the producer made his own deal with the landowner for the pulpwood and according to instructions from either the producer or the landowner he would either deduct stumpage or not. In most instances the dealer testified the landowner wished that he deduct the stump-age and issue a check directly to that landowner which he did in most cases. After deducting the stumpage the dealer would pay the producer with one check and the producer then in turn would divide the amount he received from the dealer amongst his employees. In this particular case the dealer made various other deductions for tires and other equipment and he also made deductions *437 for social security taxes and unemployment taxes; however these taxes were paid under the identification number of the producer rather than the dealer. The dealer maintained that the producer was an independent contractor and that the producer had no obligation to sell his wood to him the dealer nor did he have any obligation to purchase the wood from the producer. From the evidence the court found that Lonnie Hart was an independent contractor and that his son was working for him at the time of the accident.
The dealer had a contract of insurance with the defendant, Employers Mutual Liability Insurance Company of Wisconsin which policy was introduced into evidence at the time of the trial. This policy has an endorsement which reads as follows ‘It is agreed that independent contractors, sub-contractors or their employees performing logging, lumbering, sawmilling and related operations for this insured shall be deemed to be employees within the meaning of this policy, subject otherwise to all the provisions of such workmen’s compensation law.’ This endorsement clearly covers the claimant provided that if it can be shown that the claimant was employed by an independent contractor performing logging, lumbering, sawmilling or related operations for the named insured Wood Scales, Inc. The evidence clearly shows that the producer Lonnie Hart had for many years been selling wood to the dealer Wood Scales, Inc. At the time of this accident the producer testified that the dealer had advised him that he had an order for hardwood and that he would purchase hardwood provided that the producer brought it to him in the coming week. The producer having previously made arrangements with his sister-in-law to cut her hardwood immediately made arrangements to go onto her property and cut this hardwood for the account of Wood Scales, Inc. There is no evidence whatsoever to indicate that the producer was going to sell this hardwood anywhere else except to Wood Scales, Inc. and accordingly the court .finds that at the time of this accident claimant was working for an independent contractor who was performing logging, lumbering, sawmilling and related operations for the named insured Wood Scales, Inc. and is therefore covered under the policy of insurance issued by the Employers Insurance of Wausau.”
The facts disclose that, at times, the dealer did deduct for saws, winches, tires and other material which the dealer testified he had sold to the producer on credit by another company owned by the dealer. The money so deducted was used to make payments on the said indebtednesses. The taxes deducted and paid for on behalf of the producer were paid under the separate identification number of the producer and because the producer requested the dealer to make such deductions and payments. The evidence discloses that producer negotiated for the stumpage he paid the producer for the number of cords delivered. The producer purchased and produced the wood and had no instructions whatsoever from the dealer as to where or how to obtain or produce the said wood. The record further discloses that the producer sold to dealers other than the defendant herein and that he was under no obligation to sell only to the defendant dealer.
In Burns v. American Mutual Liability Insurance Company, 238 So.2d 278 (La. App.3d Cir. 1970) writ refused 256 La. 896, 240 So.2d 232, the petitioner was employed as a laborer by one Bobby George to assist him in cutting, loading and delivering pulp wood to the Kraft Paper Mill. George owned the equipment used to cut and load the wood as well as the truck used to haul the wood to the mill. George sold the wood which he cut to Travis Taylor, who had a contract to deliver certain quantities of wood to the mill. Taylor paid George for the wood which George delivered to the mill, less stumpage which was deducted at George’s request. The evidence disclosed that George could not sell directly to *438 the mill but had to sell through Taylor or some other buyer who had a contract with the mill. In that case, the Court, in holding that the arrangement between Taylor and George was a buyer-seller relationship rather than a principal-contractor relationship said:
“The plaintiff concedes that Bobby George cut wood when and where he wished, hired his own help, provided his own equipment, and answered to no one in getting the wood to the mill. Even so, the plaintiff contends that Taylor was an employer because George could not deliver wood to the Kraft Mill unless Taylor provided him with a ticket showing that the wood was to satisfy part of Taylor’s monthly quota under this contract with the Kraft Mill.
The jurisprudence is clear, however, that buy-sell agreements such as the one between Taylor and George do not change a buyer-seller relationship to an employer-employee or principal-contractor relationship where the seller operates as independently as George did in the instant case. Guillory v. Farrar, 182 So.2d 158 (La.App.3d Cir. 1966); Hadnot v. Southern Casualty Insurance Company, 166 So.2d 15 (La.App.3d Cir. 1964); Smith v. Crosset Lumber Company, 72 So.2d 895 (La.App.2d Cir. 1954).”
As in the Burns case, here we have the situation where the producer could work where and when he wished, hired his own help, provided his own equipment and answered to no one in getting the wood to the defendant. The mere fact that the defendant deducted for stumpage taxes, and sums of money which the producer owed him would not change their relationship from buyer-seller to principal-contractor.
In Hadnot v. Southern Casualty Insurance Company, La.App., 166 So.2d 15, the Court said:
“Under the jurisprudence of this State, a purchaser of pulpwood is not liable for compensation benefits for injuries sustained by employees of the seller.”
As the relationship between the employer of petitioner and the defendant was one of buyer-seller, there is no liability to petitioner either on the part of the dealer or his liability insurer. Smith v. Crosset Lumber Company, La.App., 72 So.2d 895.
For the reasons hereinabove assigned, the judgment of the Lower Court will be reversed and there will be judgment herein dismissing petitioner’s demand at his costs.
Judgment reversed.