ON APPLICATION FOR REHEARING
PER CURIAM.
St. Paul, in its application for rehearing takes exception to that portion of our original opinion which states:
This testimony, coupled with the fact that St. Paul readily admitted that it considered plaintiff disabled for the initial forty-two weeks for which it paid compensation benefits, strengthened by the positive statements of the two experts who testified as to their belief in plaintiff’s sincerity, overcomes the adverse presumption created by the failure of plaintiff to call Dr. Cranor. (Emphasis ours)
It is urged that we construed the payment of compensation benefits as an admission of liability in violation of R.S. 23:1204 and cites as authority therefor Hadnot v. Southern Casualty Insurance Company, 166 So.2d 15 (3rd La.App.1964).
The purpose of this per curiam is to clarify the point. We did not presume any assumption of liability on the part of St. Paul stemming from the payment to plaintiff of forty-two weeks of compensation benefits. We did, however, state that St. Paul admitted that plaintiff was disabled during the forty-two weeks. This conclusion is based upon testimony of St. Paul’s agent who specifically testified as follows:
“Q. So, you did know then, as of the date of that letter[1] that Mrs. Bailey had not recovered from this injury. That she was restricted to limited activity and she was advised to continue certain therapeutic exercises as prescribed by the Doctor ?
“A. Yes, sir.”
The payment of compensation benefits by an employer or an insurer is not to be construed as an admission of liability. However, an admission that an employee was injured and “had not recovered from this injury.” is entirely another matter. It should also be remembered that the paragraph in our original opinion (quoted above) objected to by St. Paul pertained primarily to the latter’s argument that plaintiff had failed to overcome the adverse presumption arising from her failure to call her treating physician, Dr. Cranor. The admission of disability by St. Paul should be viewed in this context and nothing more.
*702 Plaintiff-appellee in her application for a rehearing urges that we erred in failing to award her statutory penalties and attorneys fees based on the alleged capricious and unwarranted discontinuance of her compensation benefits by the defendant. We have again considered the matter and are of the opinion that under the facts of this case she is not entitled to the same.
Accordingly, for these reasons the applications for rehearing herein requested are refused.

. Dr. R. B. Means’ report of March 11,1970 to St. Paul.