AYRES, Judge.
This is an action in tort wherein plaintiff, Harold E. Watson, in his individual capacity and as administrator of the estates of his minor sons, Barry Watson and Scott Watson, seeks to recover compensation for damages for personal injuries and to property allegedly sustained in a multiple motor vehicle collision of May 31, 1971, on State Highway 7 at its intersection with the Sib-ley Dump Road in or near Sibley, Webster Parish, Louisiana.
Made defendants were Troy Lavone Tip-pen, Calvin Carlisle, Leon W. Gray; Leon W. Gray, Contractor, Inc., T. L. James & Company, Inc., and Highlands Insurance Company, James’ insurer. Allstate Insurance Company was also made a defendant under the uninsured motorist provisions of an insurance policy issued to Watson.
After trial, there was judgment in favor of plaintiff in his individual capacity against the defendants Tippen and Carlisle, in solido, for $108,380.31, and, in his representative capacity as administrator of the estates of his minor sons, against the same defendants, in solido, for the sum of $500.-00. Plaintiff’s demands, in his individual as well as in his representative capacity, were rejected as against the defendants Leon W. Gray, Leon W. Gray Contractor, Inc., T. L. James & Company, Inc., and *701 Highlands Insurance Company. From the judgment thus rendered and signed, plaintiff prosecutes an appeal insofar as the judgment rejected his demands against the defendants from whom he was denied recovery.
The question presented by this appeal relates primarily to one of liability vel non of the appellees for the negligent acts of Tippen. Stated differently, the question is whether such a relationship existed between Leon W. Gray and Leon W. Gray, Contractor, Inc., hereinafter referred to as “Gray,” and Tippen, and between T. L. James & Company, Inc., hereinafter referred to as “James,” and Tippen as would under the doctrine of respondeat superior, as expressed in LSA-C.C. Art. 2320, make either Gray or James or both answerable for Tippen’s negligence.
Plaintiff contends that Tippen, in driving a GMC tractor-trailer gravel-hauling unit owned by Calvin Carlisle, by whom Tippen was employed, was acting under the supervision and control not only of Carlisle but of Gray and James and of their agents and representatives; and that, moreover, Tippen, Carlisle, and Gray were agents, employees, and borrowed servants of James.
Defendant James and its insurer contend that the relationship between Gray and James was that of vendor and vendee of the gravel which Tippen was hauling from Gray’s pit to James’ stockpile for use in the construction of a segment of Interstate 20. Gray contends that Carlisle was an independent contractor who had contracted with Gray to deliver to James’ stockpile gravel sold by Gray to James in accordance with the terms of James’ purchase order. Both James and Gray therefore disclaimed any employer-employee relationship with either Carlisle or Tippen and emphasized that Tippen was solely Carlisle’s employee.
The highway at the scene of the accident was a 2-lane north-and-south hard-surfaced roadway generally straight and level, and intersected from the east by the Sibley Dump Road. Involved in the collision with plaintiff’s pickup truck, driven by him and towing a 2-wheel trailer loaded with a fishing boat and equipment, were a Chevrolet automobile, headed south but stopped awaiting the meeting and passing of plaintiff’s equipment proceeding north, and a gravel truck driven south by Tippen behind the Chevrolet. When Tippen failed to stop, the gravel struck the Chevrolet with such force as to knock it into plaintiff’s truck and trailer, demolishing both and inflicting the injuries and causing the damage for which plaintiff sought recovery.
No issue is raised as to Tippen’s negligence. He was following the Chevrolet too closely for safety. This fact, his inattention, and lack of circumspection were the proximate cause of the accident. Through his fault, he had neither time, opportunity, nor distance to take effective, evasive action to prevent the accident.
Tippen was, as aforesaid, an employee of Carlisle and was, at the time of the accident, acting within the course and scope of his employment. Both Tippen and Carlisle were accordingly correctly held liable in damages to plaintiff.
The question of whether the other defendants, appellees on this appeal, are also liable depends upon the relationship that existed between Carlisle and Gray in one instance and between Gray and James in another. These are largely factual matters with respect to which only a brief review is deemed necessary.
James, under contract with the State of Louisiana, through the Department of Highways, to construct a segment of Interstate 20 in Bossier and Webster Parishes, purchased on order from Leon W. Gray, Contractor, Inc., an immense quantity of gravel for use in the construction, delivered at James’ stockpile, at an agreed price per cubic yard and over a specified period of time. Delivery was specified to be made during hours convenient not only to James but to the Department of Highways. *702 This was, as found by the trial court, a matter of necessary cooperation between Gray and James as vendor and vendee in order to afford an opportunity for accurate measurements of the quantities delivered and to satisfy the requirements of the Department of Highways as to the quality of the materials. The record is void of any showing of any relationship between Gray and James other than as vendor and vend-ee.
Carlisle was the owner of three gravel trucks. An agreement was entered into between Carlisle and Gray whereby Car-lisle furnished one of his trucks and a driver to haul gravel from Gray’s pit to James’ stockpile on the construction site at an agreed price per cubic yard per mile of distance traveled. Under Carlisle’s instructions, Tippen, the driver, reported at Gray’s gravel pit where his truck was loaded and where he was instructed to make deliveries in accordance with the sales contract entered into between Gray and James. Gray paid Carlisle on the basis of their agreement. Carlisle paid Tippen, his driver, on a basis of 20% of the gross earnings of the truck. There is no evidence indicating that Gray or his employees had the right to otherwise control the operation of the truck driven by Tippen. The truck was owned by Carlisle, who maintained it, bought licenses and permits for its operation, paid its driver, and withheld Social Security and income taxes from his wages. Carlisle did contract hauling for various other contractors. However, he had been hauling for Gray only a few days at the time of the accident. Gray carried no insurance covering Carlisle’s truck or driver.
Thus, the conclusion is inescapable that Carlisle was not an employee of Gray but an independent contractor. On account of the employer-employee relationship existing between Carlisle and Tippen, the negligence of the latter can only be imputed to the former.
A similar factual situation was concerned in Thompson v. National Surety Corporation, 124 So.2d 227 (La.App., 2d Cir. 1960). An individual engaged in the business of selling and delivering dirt from a pit entered into an agreement to sell dirt to a contractor who had a contract with the State Highway Department. The contractor agreed to buy the dirt at a rate of $5.00 per five-cubic-yard load, delivered, and the dirt seller hired a truck driver to operate a dump truck in which the dirt was being hauled and delivered to the contractor at the time of an accident. There we held no relationship of the employer-employee or borrowed employee existed between the highway construction contractor and the truck operator as would, under the doctrine of respondeat superior, make the contractor, the purchaser of the dirt, answerable for the negligence of the truck operator. It was, moreover, held that mere suggestions of the buyer of the dirt, verbally or by signals to the drivers working for the seller of the dirt, as to where to make delivery, did not constitute authoritative direction or control over the drivers but were mere suggestions as to details and constituted necessary cooperation with the seller and his agents in making delivery. Therefore, the seller’s truck drivers could not be deemed borrowed employees of the buyer of the dirt on the theory that the truck drivers were subject to the buyer’s right to control. See, also: C. W. Greeson Company v. Harnischfeger Corporation, 231 La. 934, 93 So.2d 221 (1957); Taylor v. Employers Mut. Liability Ins. Co., 220 La. 995, 58 So.2d 206 (1952); Benoit v. Hunt Tool Co., 219 La. 380, 53 So.2d 137 (1951); Smith v. Crossett Lumber Co., 72 So.2d 895 (La.App., 2d Cir. 1954).
We therefore conclude that Carlisle was an independent contractor; that Gray was a vendor of the gravel of which James was the purchaser; and that, therefore, neither Gray nor James is liable in damages for Tippen’s negligence.
The judgment accordingly rejecting plaintiff’s individual demands as well as those in his representative capacity and as administrator of the estates of his minor *703 sons, as against Leon W. Gray, Leon W. Gray, Contractor, Inc., T. L. James & Company, Inc., and Highlands Insurance Company, is affirmed at plaintiff-appellant’s costs.
Affirmed.